THE STATE OF OHIO, APPELLEE, *v.* GUTILLA, APPELLANT.

(No. 4764—Decided October 17, 1952.)

*Mr. Richard W. Gordon,* city attorney, and *Mr. Glenn E. Kemp,* for appellee.
*Mr. Isadore L. Margulis,* for appellant.

HORNBECK, P. J.  This is an appeal from a judgment of the Common Pleas Court affirming a conviction and sentence of defendant, appellant herein, on a charge, in the Municipal Court of the City of Columbus, Ohio, of violating Section 12694, General Code (practicing medicine without a certificate).

Four errors are assigned but all of them relate to the claim that the defendant was convicted by testimony which disclosed that he had been entrapped and thereby caused to commit the offense of which he was convicted.

We have carefully read the entire record and, without extended comment, are satisfied to say that it does not establish entrapment. It appears that the policewoman, who was treated and prescribed for by defendant, planned with an officer of the State Medical Association to call upon defendant for the purpose of securing evidence against him. She represented herself to be ailing although she was well. By this means she secured the evidence upon which defendant was convicted. The defendant did not take the stand to testify that he had no purpose or intent to commit the offense alleged and it clearly appears that he did the acts which constitute a violation of the section. This does not constitute entrapment in Ohio. *State* v. *Henning,* 83 Ohio App., 445, 78 N. E. (2d), 588 (appeal as of right dismissed, 150 Ohio St., 48, 80 N. E. [2d], 164); *Davis* v. *State,* 26 Ohio App., 340, 159 N. E., 575 (affirmed 118 Ohio St., 25, 160 N. E., 473); *State* v. *Schubert,* 80 Ohio App., 132, 75 N. E. (2d), 216; *State* v. *Foster,* 75 N. E. (2d), 214.

The principle controlling is stated as follows in 12 Ohio Jurisprudence, 80, Section 38, and is from an annotation in 18 A. L. R., 146:

"Where the doing of a particular act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused, and the criminal offense is completed, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense."

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN and MILLER, JJ., concur.