**RAY, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Common Pleas Court, Franklin County.

No. 198,195.   Decided October 10 1957.

John B. Freiden, Cincinnati, for appellant.

William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., for appellee.

## OPINION

By MARSHALL, J.

This is an appeal from a decision and order of the Board, suspending appellant's Class D-5 permit for a period of fourteen days, based upon a charge against the permit holder as follows:

"On Sunday, February 10, 1957, at or about 10:45 o'clock A. M. Eastern Standard Time, you and/or your agent or employee did sell in and upon the permit premises intoxicating liquor, to-wit: wine—in violation of the provisions of the Liquor Control Act and regulations of the Board of Liquor Control."

The evidence in the Record is uncontroverted. One, Willie Rose entered the permit premises on Sunday, February 10, 1957, where he purchased a pint of California wine. The Record shows that officers of the Cincinnati Police Department arranged a meeting with a paid informer by the name of Rose. Rose was given a marked dollar bill and was then told to go to appellant's premises with instructions to buy wine. On his first request Rose was refused, but Rose then gave the bartender a story that he was ill and had to have the wine. Upon such plea, the bartender sold the pint of wine to said Rose. Thereafter the officers went into the premises and confiscated the marked dollar bill.

Appellant has raised one defense and that is, the defense of entrapment. Appellant relies upon the definition of entrapment as being a case where the criminal intent originates in the mind of the entrapper and the accused is lured into the commission of the offense in order to prosecute him therefor. The appellant claims that the evidence discloses an active inducement on the part of the stooge for the police and that but for such inducement, the Sunday sale would not have been made.

The defense of entrapment was considered by the Court of Appeals of this county in the case of **State v. Gutilla, 94 Oh Ap 469,** decided October 17, 1953. Syllabus 1 of that case reads as follows:

"1. A person is not entrapped into the commission of the offense of practicing medicine without a certificate by the fact that a police officer, for the purpose of obtaining evidence against such person, represents that he is ill and thereby receives the treatment which constitutes the violation."

In affirming the judgment of the Common Pleas Court of this county, the Court of Appeals found that the record showed that there had not been any entrapment established.

The Court recognized in that case a controlling principle as taken from Ohio Jurisprudence and annotations from A. L. R., as follows:

"Where the doing of a particular act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused, and the criminal offense is completed, the fact that an opportunity is furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense."

In the case of Langdon v. Board, Case No. 188434 in this court, and decided by Judge Harter on February 2, 1954, the following appears as his decision in the syllabus:

"Where a person is lured into the commission of a crime by one whose sole purpose is to obtain evidence on which to base a prosecution of the one so lured and who had otherwise no intention of committing the offense, the idea of which has wholly originated in the mind of the inducer, the defense of entrapment is available to the accused."

The appellant substantially holds the theory stated in that case as the basis for his defense of entrapment in this case.

The above mentioned case, No. 188,434 in this court, was appealed to the Court of Appeals of Franklin County and decided by that Court September 24, 1954. The two syllabi of the Court of Appeals case are as follows:

"1. Where, under a charge preferred against a liquor permittee by the Director of Liquor Control that the permittee's bartender sold on the premises whiskey by the bottle, for consumption off the premises in violation of law, the evidence shows that the purchaser of the liquor, acting for an investigator of the department, and the bartender had been acquainted for a number of years, that the purchaser stated to the bartender that he was going fishing, with the implication that he wanted to take the liquor with him, and that the bartender would not get caught in the improper sale, such facts do not constitute entrapment, and the Director of Liquor Control is justified in finding that such evidence is insufficient to overcome the bartender's volition or to exonerate him of his purpose to violate the law when he completed the sale.

"2. Entrapment, if established, may be employed as a defense to a charge preferred against a permittee by the Director of Liquor Control." 98 **Oh Ap** 535.

In the opinion of Judge Hornbeck, on **page 537,** the following appears:

"Certainly the friendship, the fact that the purchaser wanted to take the liquor with him on a fishing trip, and his statement that he would not report the violation, were not sufficient to justify a known violation of the law by the bartender or to overcome any improper purpose or intent that he must have had when he made the sale. The sale was completed and the purchase price paid, which netted a substantial profit to permittee."

The Court of Appeals, by unanimous decision, reversed the Common Pleas Court in this case. We believe that the Court of Appeals of this county has laid down principles of law that are controlling on this court to the effect that the defense of entrapment is not shown by the facts as shown in the record of this case.

The order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and is in accordance with law. Said order is, therefore, affirmed.