**RAY, d. b. a. 413 BAR, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5839. Decided March 4, 1958.

Freiden, Wolf & Hoy, John B. Frieden, of Counsel, Cincinnati, for appellant.

William Saxbe, Atty. Genl., Chester Hummell, Paul W. Dixon, Asst. Attys. Genl., Columbus, for appellees.

### OPINION

By PETREE, PJ.

This is a law appeal from the judgment of the Common Pleas Court in which it sustained the action of the Board of Liquor Control in sus-

pending permittee's license for a period of fourteen days for violation of the provisions of the Liquor Control Act. The Common Pleas Court found "that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and is in accordance with law."

It appears from the well-reasoned opinion of Judge Marshall that the defense of entrapment is not shown by the facts as shown in the record of the instant case. In his opinion the judge of the Common Pleas Court referred to a decision by the Court of Appeals of Franklin County reported in 98 Oh Ap 535, and quoted the syllabus, which is as follows:

"1. Where, under a charge preferred against a liquor permittee by the Director of Liquor Control that the permittee's bartender sold on the premises whiskey by the bottle, for consumption off the premises in violation of law, the evidence shows that the purchaser of the liquor, acting for an investigator of the department, and the bartender had been acquainted for a number of years, that the purchaser stated to the bartender that he was going fishing, with the implication that he wanted to take the liquor with him, and that the bartender would not get caught in the improper sale, such facts do not constitute entrapment, and the Director of Liquor Control is justified in finding that such evidence is insufficient to overcome the bartender's volition or to exonerate him of his purpose to violate the law when he completed the sale.

"2. Entrapment, if established, may be employed as a defense to a charge preferred against a permittee by the Director of Liquor Control."

The court was correct in following that decision where the fact situation justifies the same.

The lone assignment of error in this case is as follows:

The Court erred when it found that the order of the Board of Liquor Control was supported by reliable, probative and substantial evidence and in accordance with law and in that the defense of entrapment is not applicable to a fact situation as in the instant case.

While we feel that entrapment, if established, may be employed as a defense to a charge preferred against a permittee by the Director of Liquor Control, it is our opinion that the fact situation in the instant case warranted the finding of the Common Pleas Court that no entrapment was established. The record, beginning at the bottom of Page 8, at the last question, reads as follows:

"Q. How did you happen to go to this place, the 413 Bar, on that Sunday?

"A. Well, Willie Rose himself. We previously had a complaint on the place.

"MR. FREIDEN: Objection to anything Willie Rose said.

"MR. SCHUESSLER: Overruled.

"Q. You may continue.

"A. I said we previously had a complaint on the place, and Willie said he thought he could buy a bottle of wine in there too.

"MR. FREIDEN: If it please the Board, this portion of the answer what Willie Rose said, should be stricken.

"MR. SCHUESSLER: That should be stricken.

"MR. VIDEAN: Exception and proffer."

While the Board struck out a portion of the last answer which referred to what Willie had said, the portion of the answer not stricken reads as follows:

"A. I said we previously had a complaint on the place, * * *."

In a case where there is reason to believe that there are violations of the Liquor Control Act on the premises of a permittee and the enforcement officer furnishes the opportunity to get evidence of such violation, it cannot be considered entrapment. Officers may act to detect crime but not to induce its commission. **State v. Miller, 85 Oh Ap 376 at 378.**

The instant case is also supported by **State v. Gutilla, 94 Oh Ap 469,** 116 N. E. 2d 208, where the fact situation is similar.

We hold that the record in this case sustains the judgment of the Common Pleas Court in its finding that the action of the Board of Liquor Control was supported by reliable, probative and substantial evidence and is in accordance with law.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.