**Jack S. GRAY et al., Appellants,**

v.

**ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 22, 1972.

Robert M. Spragens, Robert Spragens, Jr., Lebanon, for appellants.

John D. Darnell, Frankfort, for appellees.

STEINFELD, Chief Justice.

Because of a sale to a minor, the Alcoholic Beverage Control Board ordered the suspension of appellants' license to sell liquor at retail. The only defense was entrapment. On appeal the circuit court sustained the action of the board. We affirm.

In a license revocation proceeding the intent to violate the statute is not a consideration, therefore, the defense of entrapment was not available. 48 C.J.S. Intoxicating Liquors § 175, p. 283. In Kearns v. Aragon, 65 N.M. 119, 333 P.2d 607 (1959), it was written:

"A proceeding * * * to revoke a liquor license is not a criminal proceeding; rather it is an administrative proceeding in the nature of a civil action."

\*    \*    \*    \*    \*    \*

"Nor is the object of an administrative proceeding to revoke a liquor license intended as a punishment of the licensee. The purpose is to insure so far as possible the decent and orderly conduct of a business affecting the public health, morals, safety and welfare."

\*    \*    \*    \*    \*    \*

"Hence, revocation proceedings are not governed by the rules of law applicable to criminal prosecutions."

There is authority to the contrary. See Langdon v. Board of Liquor Control, 98 Ohio App. 535, 130 N.E.2d 430 (1954), and Ray v. Board of Liquor Control, Ohio Com. Pl., 154 N.E.2d 27, affirmed Ohio App., 154 N.E.2d 89.

The judgment is affirmed.

MILLIKEN, PALMORE, EDWARD P. HILL, Jr., OSBORNE and REED, JJ., concur.

NEIKIRK, J., concurs in result only.