MILLS-JENNINGS OF OHIO, INC., APPELLEE, *v.* LIQUOR CONTROL COMMISSION ET AL., APPELLANTS.

FLETCHER, D.B.A. BAGGY KNEES, APPELLEE, *v.* LIQUOR CONTROL COMMISSION ET AL., APPELLANTS.

CUIKSA, APPELLEE, *v.* LIQUOR CONTROL COMMISSION ET AL., APPELLANTS.

MAAGS BAR & RESTAURANT, INC., APPELLEE, *v.* LIQUOR CONTROL COMMISSION ET AL., APPELLANTS.

OHIO VENDING OPERATORS GROUP,

APPELLEE, *v.* DEPARTMENT OF LIQUOR CONTROL ET AL., APPELLANTS.

(Nos. 84AP-197, -199, -200, -201 and -203—Decided September 27, 1984.)

John A. Connor II Co., L.P.A., Mr. John A. Connor II and Mr. Darrell E. Fawley, Jr., for appellees.

Mr. Anthony J. Celebrezze, Jr., attorney general, and Mr. Nathan Gordon, for appellants.

McCORMAC, P.J. These cases are consolidated for appeal from the Court of Common Pleas of Franklin County and present the common issue of whether the Liquor Control Commission (hereinafter "commission") possesses the authority to seize and destroy gambling devices found on permit premises.

The case of Mills-Jennings of Ohio, Inc. v. Liquor Control Comm. (hereinafter "Mills-Jennings") originated when plaintiff, an owner of draw poker machines and not a permit holder, sought a declaratory judgment in the court of common pleas that these machines were not gambling devices and were not subject to removal from liquor permit premises. The trial court granted the judgment requested, where upon appeal this court reversed. (See Mills-Jennings of Ohio, Inc. v. Dept. of Liquor Control [Mar. 24, 1981], Franklin App. No. 80AP-687, unreported.) After the allowance of a motion to certify the record, the Ohio Supreme Court affirmed, stating that the draw poker machines involved were gambling devices per se. Mills-Jennings, Inc. v. Dept. of Liquor Control (1982), 70 Ohio St. 2d 95 [24 O.O.3d 181]. The Supreme Court, however, remanded for consideration of the issue now under review.

In Frederick L. Fletcher, d.b.a. Baggy Knees v. Liquor Control Comm. and Donna M. Cuiksa v. Liquor Control Comm. appeals were filed from the commission's orders denying appellees' motions for return of their draw poker machines after conclusion of the administrative hearing for liquor law violations.

In Maags Bar & Restaurant, Inc. v. Liquor Control Comm. (hereinafter "Maags"), the permit holder appealed from the commission's order suspending its permit and the order denying its motion to return the gambling devices. The gambling devices involved were an inoperable antique slot machine and two electronic slot machines. The suspension was imposed for violation of Ohio Adm. Code. 4301:1-1-53(B) for possessing gambling devices on permit premises.

Finally, the plaintiff in Ohio Vending Operators Group v. Dept. of Liquor Control (hereinafter "Ohio Vending"), sought a declaratory judgment that devices known as Dwarfs Den, Roman Tallies, Castles, and Bust My Balloons were not gambling devices per se and requested an injunction preventing the commission from seizing or destroying the machines found on permit premises and from citing the permit holders for possessing or using the devices.

The trial court decided in the foregoing cases that the commission was without authority to destroy the gambling devices and ordered the machines returned to their owners. In Maags, the lower court also reversed the suspension order, stating that Ohio Adm. Code 4301:1-1-53(B) was overbroad as applied to Maags. Appellant commission has appealed these decisions, asserting three assignments of error:

"I. The court of common pleas erred in holding that the Ohio Department of Liquor Control cannot destroy gambling devices per se but must return all such machines after the administrative process has been concluded.

"II. The court of common pleas erred in holding that Section 4301:1-1-53

of the Ohio Administrative Code was unconstitutional and void since it is constitutional and valid and since that matter was not before the lower court.

"III. The court of common pleas erred in ordering the Ohio Department of Liquor Control to return the gambling machines in question since they are all gambling devices *per se* regardless of their name or visual display."

The Liquor Control Commission, as part of an administrative agency, only has express or implied authority as conferred by the Ohio General Assembly. *Burger Brewing Co.* v. *Thomas* (1975), 42 Ohio St. 2d 377, 379 [71 O.O.2d 366]. The initial question is whether there is an express or implied grant of power to the commission authorizing the seizure and use of gambling devices as evidence, and the destruction of them at the termination of administrative proceedings. R.C. 4301.10(A)(4) grants the Department of Liquor Control the authority to enforce R.C. Chapters 4301 and 4303, and the rules and orders of the commission. R.C. 4301.10(A)(8) states that the department may:

"Exercise all other powers expressly or by necessary implication conferred upon the department by Chapters 4301. and 4303. of the Revised Code, * * *."

Finally, R.C. 4301.03 authorizes the commission to issue rules for various purposes, including the "maintenance of public decency, sobriety, and good order in any place licensed under such permits." R.C. 4301.03(B). Ohio Adm. Code 4301:1-1-53(B), enacted pursuant to R.C. 4301.03, reads as follows:

"No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of [*sic*] any device, machine, apparatus, book, record, forms, tickets, papers or charts which may or can be used for gaming or wagering or the recording of wagers, pools, or chances on the result of any contest, or allow or conduct gaming or wagering on such premises on any game of skill or chance."

Considering the foregoing provisions together, the commission has demonstrated a need to seize the gambling devices found on permit premises for use as evidence to prove a violation of Ohio Adm. Code 4301:1-1-53(B). The commission's authority for the seizure is properly implied from its express power to enforce the liquor laws. However, after the administrative hearings and subsequent appeals are concluded, the necessity to retain the devices as evidence ends and the authority for destruction of the devices must rest on some other grant of power.

The express authority of the commission to destroy property is found in R.C. 4301.29, 4301.45, and 4301.53, which relate only to the destruction of beer and intoxicating liquor and do not extend to gambling devices. Since the destruction of the gambling devices does not appear to be necessary to effectuate either proof of violations or enforcement of other duties of the commission, the power cannot be implied.

Appellant has also asserted R.C. 2933.41 as authority for the destruction of the gambling devices. This assertion is not well-taken. The Supreme Court, in *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23 [24 O.O.3d 64], construed R.C. 2933.41(C) to require that the person claiming rights in the property must be the offender, accomplice, or conspirator in the commission of the offense; and, in addition, the possession of the property must be unlawful in itself.

The first part of the test is not satisfied in *Mills-Jennings* and *Ohio Vending* because the appellees are the owners of the devices and are not the permit holders who allegedly violated Ohio Adm. Code 4301:1-1-53(B).

The second part of the test requires the possession of the property to be unlawful, either from the nature of the

property or the circumstances of the person. Under Ohio Adm. Code 4301:1-1-53(B), it is the place of the possession of the devices, that is, *on permit premises,* that causes the possession to be unlawful. Whereas, in order to amount to a criminal violation of R.C. 2915.02(A)(5) the possession must be with purpose to violate other provisions of the gambling laws. R.C. 2915.02(A) states that:

"No person shall:

"* * *

"(5) With purpose to violate division (A)(1), (2), (3), or (4) of this section, acquire, possess, control, or operate any gambling device."

Mere possession of these devices is not unlawful in and of itself and, therefore, the second requirement of R.C. 2933.41 is not met in the cases at bar. In addition, although not expressly limited, R.C. 2933.41 appears to deal with the disposition of property seized pursuant to a violation of the Criminal Code for evidence at a criminal proceeding. In case of disposition of property used in an unlawful manner, but not in itself unlawful, a separate civil proceeding for disposition of such property is required as a matter of due process. *State* v. *Lilliock, supra.* These cases involve property used in the alleged violation of an administrative rule and involve property not unlawful in itself. Hence, R.C. 2933.41 has no application.

Appellant's first assignment of error is overruled.

The second assignment of error, challenging the trial court's finding that Ohio Adm. Code 4301:1-1-53(B) is unconstitutionally overbroad and vague, applies only to *Maags'* appeal from the order suspending its license for possession of slot machines on the premises. The other cases all involved use as well as possession.

Slot machines are gambling devices within the definition of R.C. 2915.01(F). However, the unchallenged factual find-

ing was that the machines were maintained on the premises as collectors' items only and not for use. The attorney for the commission has conceded, both in the Ohio Supreme Court in *Mills-Jennings, supra* (70 Ohio St.2d), at 101, and in the trial court after remand, that Ohio Adm. Code 4301:1-1-53(B) should not go beyond the specific provisions of the Criminal Code as revised in 1974 and as subsequently amended.

R.C. 2915.02 requires possession with purpose to violate other sections of R.C. 2915.02, which was not proved. Hence, the trial court properly overturned the suspension of *Maags'* license.

Overbreadth may be raised only by a party affected by an overbroad application. Since Ohio Adm. Code 4301:1-1-53(B) applies only to situations covered by R.C. 2915.01 and 2915.02, it was not overbroad as interpreted. See *State* v. *Daniels* (1980), 61 Ohio St. 2d 220 [15 O.O.3d 232], where an overbreadth challenge was limited to the situation of the one making the challenge, absent a First Amendment exception not applicable here.

Ohio Adm. Code 4301:1-1-53(B) is not vague as applied to possession of gambling devices in a permit establishment in violation of R.C. 2915.01 and 2915.02, as it provides fair notice that such conduct is prohibited. See *State* v. *Sammons* (1979), 58 Ohio St. 2d 460 [12 O.O.3d 384].

Appellant's second assignment of error is overruled.

Appellant's third assignment of error is not well-taken because it relates only to the *Ohio Vending* case as to whether the machines involved therein are gambling devices *per se.* Inasmuch as the trial court did not decide this issue, this court should not address it for the first time on appeal and *Ohio Vending* will be remanded for consideration of whether the devices known as Dwarfs Den, Roman Tallies, Castles, and Bust

My Balloons are gambling devices *per se.*

Appellant's third assignment of error is overruled.

Accordingly, the judgments in the cases of *Mills-Jennings of Ohio, Inc.* v. *Liquor Control Comm., Frederick L. Fletcher, d.b.a. Baggy Knees* v. *Liquor Control Comm., Donna M. Cuiksa* v. *Liquor Control Comm.,* and *Maags Bar & Restaurant, Inc.* v. *Liquor Control Comm.* are affirmed. The judgment in *Ohio Vending Operators Group* v. *Dept. of Liquor Control* is reversed and the cause is remanded for determination of whether the devices known as Dwarfs Den, Roman Tallies, Castles, and Bust My Balloons are gambling devices *per se.*

> *Judgments affirmed in case Nos. 84AP-197, 84AP-199, 84AP-200 and 84AP-201; and judgment reversed and cause remanded in case No. 84AP-203.*

MOYER and VICTOR, JJ., concur.

VICTOR, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.