THE STATE OF OHIO, APPELLEE, *v.*
MOOSE CLUB NO. 1234, APPELLANT.

(No. 1485—Decided May 24, 1985.)

APPEAL: Court of Appeals for
Portage County.

*John J. Plough,* prosecuting attorney, and *George G. Keith,* for appellee.

*Douglas J. Sendry,* for appellant.

COOK, J. On September 26, 1983, appellant, Moose Club No. 1234, was charged with gambling (R.C. 2915.02[A][2]) and operating a gambling house (R.C. 2915.03[A][1] and [2]). Prior to trial, appellant moved to dismiss the charges on the grounds the statutes are unconstitutional. The motion was overruled.

At trial, the evidence was to the effect that an agent of the Ohio Department of Liquor Control, working undercover, entered appellant's premises and played a "Castle" electronic video machine which the agent testified was similar to a "Draw Poker" machine. The agent testified he inserted $10 worth of quarters into the machine, played it until he built up sixty points, after which he was paid $15 by the barmaid on duty.

Appellant was found guilty on both charges and fined on each charge.

Appellant has appealed the judgment of the trial court and has filed the following two assignments of error:

"1. The trial court erred to the prejudice of defendant-appellant in overruling its motion to dismiss prior to and at the close of the state's case in chief.

"2. The essential element of 'profit,' required to be proven beyond a reasonable doubt under O.R.C. § 2915.02(A)(2), was unsupported by any competent, credible evidence. Therefore, the finding by the trial court that a profit was realized was error to the prejudice of defendant-appellant."

The assigned errors are without merit.

Appellant first contends that the court erred in overruling its motion to dismiss. It argues R.C. 2915.02(A)(2) and R.C. 2915.03(A)(1) and (2) are unconstitutional.

Appellant reasons that R.C. 2915.01 (D), which defines "game of chance," is unconstitutional to the extent it arbitrarily defines the electronic video games in question (Castle electronic machines which are similar to Draw Poker electronic video machines) as games of chance. Since R.C. 2915.02 (A)(2) and R.C. 2915.03(A)(1) and (2) include the element of "game of chance," appellant argues they are unconstitutional because R.C. 2915.01 is unconstitutional, since poker and/or Draw Poker video machines are not games of chance but games of skill. For its proposition, appellant relies on *State* v. *Gavlek* (Dec. 31, 1982), Campbell M.C. No. 83 CRB 216, unreported.

A search of the record in the instant appeal does not produce a judgment entry by the court on appellant's motion to dismiss. The record reflects the court orally overruled the motion on the day of trial but did not reduce it to a judgment entry.

However, assuming, *arguendo,* that the constitutional issue is properly before this court, the record contains no

argument by appellant as to unconstitutionality or a finding by the court that the statutes are constitutional. Despite this lack of a record, we conclude appellant's contention in this court is without merit. In *Mills-Jennings, Inc.* v. *Dept. of Liquor Control* (1982), 70 Ohio St. 2d 95 [24 O.O.3d 181], the Ohio Supreme Court held that, under R.C. 2915.01(D) and 2915.01(F)(3), Draw Poker machines are gambling devices *per se.* The court reasoned that the definition of a "game of chance" set forth in R.C. 2915.01(D) and the definition of "gambling device" in R.C. 2915.01(F) lead to the conclusion Draw Poker machines are gambling devices *per se.* To be a "gambling device" *per se* is to be a "game of chance."

We conclude R.C. 2915.02(A)(2) and R.C. 2915.03(A)(1) and (2) are constitutional to the extent that Draw Poker electronic video machines are "games of chance." Since the parties agree the Castle electronic video machines in the instant cause are similar to Draw Poker machines, they, too, are gambling devices *per se.*

Appellant next contends that the state did not prove that it operated the machines "for profit," an element of both of the instant charges.

R.C. 2915.01(E) defines "scheme or game of chance conducted for profit" as follows:

"(E) 'Scheme or game of chance conducted for profit' means any scheme or game of chance designed to produce income for the person who conducts or operates the scheme or game of chance, but does not include a charitable bingo game."

In the instant cause, there was evidence that the Castle electronic video machine, a game of chance, operated on appellant's premises, was designed to produce income for appellant. Appellant permitted the machines to be played on its premises, made change in the form of quarters for those who needed them to play the machines, paid a cash prize to those who achieved a certain number of points on the machines, and the proceeds from those playing the machines were divided with the owner of the machines after deducting $25 for the owner for a "maintenance fee."

We conclude the state proved the element of "for profit" as to both offenses. We affirm the judgment of the trial court.

*Judgment affirmed.*

DAHLING, P.J., and FORD, J., concur.