VFW POST 9622, Appellant,

v.

LIQUOR CONTROL COMMISSION, Appellee.

[Cite as *VFW Post 9622 v. Ohio Liquor Control Comm.* (1996), 109 Ohio App.3d 762.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA95–09–090.

Decided March 11, 1996.

*Darrell E. Fawley, Jr.,* for appellant.

*Betty G. Montgomery,* Attorney General, and *David A. Raber,* Assistant Attorney General, for appellee.

WALSH, Presiding Judge.

Appellant, VFW Post 9622 ("the VFW Post"), appeals an order of the Warren County Court of Common Pleas affirming an order of appellee, the Ohio Liquor Control Commission, finding the VFW Post guilty of violating Ohio Adm.Code 4301:1–1–53, which prohibits gambling devices upon premises where liquor is sold.

The VFW Post holds a class D–4 liquor permit. On September 17, 1994, two agents of appellee, James J. Nerswick and SuAnn E. Appleman, went to the VFW Post for the purpose of investigating a district office complaint alleging gambling. Nerswick entered the VFW Post through the unlocked entry door. At no time was Nerswick asked if he was a member,[1] nor was he required to produce any type of identification. Once inside, Nerswick observed four electronic video machines lit up and fully operational. Nerswick also observed a patron playing a Castle electronic video machine. Nerswick then placed $1 into a Cherry Master electronic video machine and received ten credits.

---

1. Neither Nerswick nor Appleman are members of VFW Post 9622.

Nerswick then moved to the bar where he noticed tip tickets in fish bowls. Nerswick subsequently identified himself to a bartender and advised him of the VFW Post's violation of Ohio Adm.Code 4301:1–1–53. Nerswick and Appleman [2] thereafter identified themselves to the Post Commander of the VFW Post and advised him of the violation. Nerswick then inserted $1 in each electronic video machine and played the credits. The VFW Post was subsequently cited for permitting and/or allowing gambling in violation of Ohio Adm.Code 4301:1–1–53.

On April 5, 1995, the case was heard by appellee. The VFW Post entered a "denial" to the violation, but stipulated into the record as evidence the agents' investigation report as to the facts. By order dated April 21, 1995, appellee found that the VFW Post had violated Ohio Adm.Code 4301:1–1–53 and imposed a forfeiture in the amount of $16,000 or a forty-day license suspension.

The VFW Post filed an R.C. 119.12 appeal to the trial court. On August 3, 1995, the trial court affirmed appellee's order, finding it to be supported by reliable, probative and substantial evidence. The VFW Post timely filed this appeal and raises four assignments of error.

The VFW Post's first assignment of error reads as follows:

"The Warren County Common Pleas Court erred when it failed to find that the entry and search of the D–4 permit premises by the Department of Liquor Control investigators was unlawful and violated the United States Constitution and the Ohio Constitution."

The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protects against unreasonable searches and seizures. Warrantless searches are *per se* unreasonable unless they fall within a judicially recognized exception. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585. In *State v. Akron Airport Post No. 8975* (1985), 19 Ohio St.3d 49, 19 OBR 42, 482 N.E.2d 606, the Supreme Court of Ohio listed the judicially recognized exceptions to the search warrant requirement in Ohio as (a) a search incident to a lawful arrest, (b) consent signifying waiver of constitutional rights, (c) the stop-and-frisk doctrine, (d) hot pursuit, (e) probable cause to search and the presence of exigent circumstances, or (f) the plain-view doctrine. *Id.*, 19 Ohio St.3d at 51, 19 OBR at 43, 482 N.E.2d at 608.

In *State v. VFW Post 3562* (1988), 37 Ohio St.3d 310, 525 N.E.2d 773, the Supreme Court recognized that a warrantless administrative search could be a valid search in some circumstances. *Id.* at 312, 525 N.E.2d at 775. Although the statutory and administrative provisions authorizing warrantless searches of liquor

---

**2.** The record does not indicate how and when Appleman entered the VFW Post.

establishments were found to be unconstitutional in that case,[3] the general validity of administrative searches in a proper situation was approved. *Id.* at 315, 525 N.E.2d at 778. The Supreme Court subsequently expressly added the administrative search exception to the list of acceptable warrantless search situations in *Stone v. Stow* (1992), 64 Ohio St.3d 156, 164–165, 593 N.E.2d 294, 299–300, fn. 4.

In *Stone*, the Supreme Court stated that a warrantless administrative search may be conducted if the search is authorized by both statutes and administrative regulations. *Id.* at 165, 593 N.E.2d at 300. In the context of the civil case before it, the court concluded that pharmacists, being in such a pervasively regulated business, had a reduced expectation of privacy in the prescription record they keep. *Id.* at 164–165, 593 N.E.2d at 299–300. In *Stone*, the court also cited *VFW Post 3562* where a warrantless administrative search used to obtain evidence of general criminality and subsequently to support a criminal conviction was found to be invalid. The court distinguished the two searches on the basis that there was no issue of general criminality in *Stone*. *Stone*, 64 Ohio St.3d at 165–166, 593 N.E.2d at 300–301.

After reviewing the record, we find that the case at bar clearly falls within the ambit of *Stone*. Unlike the warrantless search in *VFW Post 3562*, the search in this case was proper because it resulted in an administrative violation, not a criminal violation. In addition, it is well established that the liquor industry is a pervasively regulated industry. *VFW Post 3562*, 37 Ohio St.3d at 312, 525 N.E.2d at 775, citing *Colonnade Catering Corp. v. United States* (1970), 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60. As a result, in the case of administrative searches, the expectation of privacy is greatly reduced. Indeed, while the Supreme Court "has curtailed the use of warrantless searches resulting in prosecutions under laws of general criminality * * *, [it has conversely] added administrative searches to the list of judicially recognized warrant exceptions." *N. Toledo Arrow Club v. Liquor Control Comm.* (June 1, 1993), Franklin App. No. 93AP–288, 1993 WL 194111, unreported. We therefore find that the trial court did not err in finding that the entry into and the warrantless search of the VFW Post were lawful. The VFW Post's first assignment of error is overruled.

■ The VFW Post's second assignment of error reads as follows:

"The Warren County Common Pleas Court erred when it failed to find Ohio Administrative Code 4301:1–1–79 unconstitutional."

---

**3.** The Supreme Court held that R.C. 4301.10(A)(4), (6), and (7) and Ohio Adm.Code 4301:1–1–53 were unconstitutional because they failed to establish time, place, and scope limitations on warrantless searches of liquor establishments by agents of the Department of Liquor Control.

The VFW Post first argues that Ohio Adm.Code 4301:1–1–79, which regulates warrantless administrative inspections of liquor establishments, is unconstitutional because it fails to establish time, place, and scope limitations on warrantless searches of liquor establishments.

In *Palazzi v. Estate of Gardner* (1987), 32 Ohio St.3d 169, 512 N.E.2d 971, the Supreme Court of Ohio held that "the constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." *Id.* at 175, 512 N.E.2d at 977.

The VFW Post contends that Ohio Adm.Code 4301:1–1–79 is unconstitutionally broad because it allows warrantless searches into areas not a part of the permit premises and into locked safes, desks, and closets. However, under *Palazzi*, we do not need to address the issue of constitutionality. While the VFW Post meets the first prong of the *Palazzi* test, it fails to meet the second prong. The record shows that appellee's agents visited the permit premises, identified themselves to a bartender and to the Post Commander, and searched only the permit premises without searching locked cabinets, safes, or personal property. The record does not show, nor does the VFW Post argue, that it was injured by the scope of the search because of the alleged broad language of Ohio Adm.Code 4301:1–1–79. We therefore find that the VFW Post, which was not injured by the alleged unconstitutional provisions of Ohio Adm.Code 4301:1–1–79, cannot question its constitutionality. See *LOOM Lodge 926 New Philadelphia, Inc. v. Liquor Control Comm.* (Feb. 9, 1995), Tuscarawas App. No. 94AP100070, unreported, 1995 WL 156402.

■ Second, the VFW Post argues that Ohio Adm.Code 4301:1–1–79 should be considered null and void because it was not enacted within one hundred twenty days as required by R.C. 4301.10(A)(6).

As previously noted, the Supreme Court of Ohio held that R.C. 4301.10(A)(4), (6), and (7) were unconstitutional in *State v. VFW Post 3562, supra,* 37 Ohio St.3d 310, 525 N.E.2d 773. The Ohio legislature subsequently amended R.C. 4301.10, which became effective on October 10, 1989. R.C. 4301.10(A)(6) specifically required appellee to promulgate rules governing investigations within one hundred twenty days of the effective date of R.C. 4301.10. Appellee, however, did not promulgate Ohio Adm.Code 4301:1–1–79 until March 1, 1993.

We agree with the Fifth District Court of Appeals in *FOE Aerie 2251 v. Liquor Control Comm.* (Oct. 30, 1995), Tuscarawas App. No. 95AP030020, unreported, 1995 WL 768025, which stated:

"We do not find that the fact that the Commission failed to enact a new administrative search statute in the time period allotted by the General Assembly automatically makes the new regulation [null and void]. The concern of the Ohio Supreme Court when it found the previous· administrative code regulation unconstitutional was based upon the fact that the regulation failed to establish time, place and scope limitations on warrantless administrative searches."

We therefore find that Ohio Adm.Code 4301:1–1–79 is valid even though it was not enacted within one hundred twenty days as mandated by R.C. 4301.10(A)(6). The VFW Post's second assignment of error is overruled.

 The VFW Post's third assignment of error reads as follows:

"The Warren County Common Pleas Court erred when it affirmed the Liquor Control Commission['s order] finding reliable, probative and substantial evidence to support a violation of Ohio Administrative Code 4301:1–1–53."

The VFW Post argues appellee could not properly find a violation of Ohio Adm.Code 4301:1–1–53 because the elements of R.C. 2915.02 were not proved.[4] Specifically, the VFW Post contends gambling devices must be on the permit premises for the purpose of making a profit. We disagree.

 In accordance with R.C. 119.12, the court of common pleas may affirm the decision of an administrative agency if, after reviewing the entire record and any additional evidence admitted by the court, the court finds the agency's decision is supported by reliable, probative and substantial evidence. *Kennedy v. Marion Corr. Inst.* (1994), 69 Ohio St.3d 20, 21, 630 N.E.2d 324, 325. The standard of review to be applied by this court then is whether the decision of the court of common pleas was an abuse of discretion. *Hawkins v. Marion Corr. Inst.* (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724.

Ohio Adm.Code 4301:1–1–53 provides in relevant part:

"(B) No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01 of the Revised Code."

---

4. R.C. 2915.02 reads in relevant part:

 "(A) No person shall do any of the following:

 " * * *

 "(2) Establish, promote, or operate or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit;

 " * * *

 "(5) With purpose to violate division (A)(1), (2), (3), or (4) of this section, acquire, possess, control, or operate any gambling device."

R.C. 2915.01(F) defines "gambling devices" as:

"(1) A book, totalizer, or other equipment for recording bets;

"(2) A ticket, token, or other device representing a chance, share, or interest in a scheme of chance, except a charitable bingo game, or evidencing a bet;

"(3) A deck of cards, dice, gaming table, roulette wheel, slot machine, punch board, or other apparatus designed for use in connection with a game of chance;

"(4) Any equipment, device, apparatus, or paraphernalia specially designed for gambling purposes."

■ Tip tickets, which have been described as "devices which when opened may reveal a symbol indicating that the purchaser has won money," *Columbus v. I.O.R.M. Sioux Tribe–Redman Club* (1993), 88 Ohio App.3d 215, 216, 623 N.E.2d 679, 680, are clearly gambling devices under R.C. 2915.01(F)(2). So too are the electronic video machines. Castle electronic video machines are gambling devices under R.C. 2915.01(F)(3). *State v. Moose Club No. 1234* (1985), 25 Ohio App.3d 18, 25 OBR 48, 494 N.E.2d 1389, paragraph two of the syllabus. Similarly, Cherry Master electronic video machines, which operate like a slot machine, are clearly gambling devices under R.C. 2915.01(F)(3).

■ The VFW Post was charged with an administrative violation of Ohio Adm.Code 4301:1–1–53, not with a criminal violation. Administrative violations of Ohio Adm.Code 4301:1–1–53 are distinguishable from criminal prosecutions under R.C. Chapter 2915. First, the elements are different. Second, while R.C. 2915.02(A)(2) requires a showing of profit in a criminal gambling prosecution, there is no need to show that the gambling devices were used to make a profit to establish a violation of Ohio Adm.Code 4301:1–1–53. *BPOE Lodge 0170 Gallipolis v. Ohio Liquor Control Comm.* (1991), 72 Ohio App.3d 811, 817, 596 N.E.2d 529, 533. See, also, *Loyal Order of Moose Lodge No. 1473 Celina v. Ohio Liquor Control Comm.* (1994), 95 Ohio App.3d 109, 641 N.E.2d 1182.

■ We further find that reliable, probative and substantial evidence was presented before the trial court to support appellee's order. Ohio Adm.Code 4301:1–1–53(B) prohibits a permit holder from possessing or exhibiting a gambling device on the premises if the device is or has been used for gambling offenses as defined in R.C. 2915.01(G). While some cases have held that under Ohio Adm.Code 4301:1–1–53(B), it is the place where the gambling devices are possessed, that is, on liquor permit premises, that causes the possession to be illegal, *Mills–Jennings of Ohio, Inc. v. Liquor Control Comm.* (1984), 16 Ohio App.3d 290, 293, 16 OBR 321, 323, 475 N.E.2d 1321, 1324, other cases have held that for an administrative violation of Ohio Adm.Code 4301:1–1–53 to exist, it must be established, in addition to possession, that the gambling device is or has

been used. *FOE Aerie 2251 v. Liquor Control Comm., supra.* We find the latter position to comport with the language of Ohio Adm.Code 4301:1–1–53(B).

The record shows that agent Nerswick observed four electronic video machines fully functional and operable, as well as tip tickets at the bar. While Nerswick did not observe any sale or purchase of tip tickets, he did observe a patron playing a Castle electronic video machine. We therefore hold that the trial court did not abuse its discretion in affirming appellee's order. The VFW Post's third assignment of error is overruled.

The VFW Post's fourth assignment of error reads as follows:

"The Warren County Common Pleas Court erred when it failed to rule on the assignment of error raised on the appeal below."

Under this assignment of error, the VFW Post essentially argues that appellee abused its discretion when it imposed a forfeiture of $16,000 or a forty-day license suspension, and that the trial court erred in not ruling on this assignment of error on the appeal from appellee's order to the trial court.

It is well established that on an R.C. 119.12 appeal from an order of an agency to the court of common pleas, the court of common pleas is precluded from modifying a penalty that the agency imposed and that is supported by reliable, probative, and substantial evidence, as long as the penalty is authorized by law. *DeBlanco v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 194, 202, 604 N.E.2d 212, 217, citing *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678.

R.C. 4301.25 stated:

"(A) The liquor control commission may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause[.]

" * * *

"(B) When the commission considers the length of a suspension of a permit, it may consider the volume of the business of the permit holder, so that the length of the suspension is in proportion to the seriousness of the offense and the permit holder's business in order that the suspension serve as a penalty and a deterrent."

R.C. 4301.252(A) states in relevant part:

"(1) Except as provided in divisions (B) and (C) of this section, when the liquor control commission determines that the permit of any permit holder is to be suspended under Title XLIII [43] of the Revised Code or any rule of the

commission, the commission may issue an order allowing a permit holder to elect to pay a forfeiture for each day of the suspension in accordance with division (A)(2) of this section, rather than to suspend operations under his permit issued for the premises at which the violation occurred.

"(2)(a) If the permit holder has not violated, at the premises for which his permit was issued, any provision of Title XLIII [43] of the Revised Code or rule of the commission during the preceding two years, the amount of the forfeiture for each day for the suspension shall be from one hundred to two hundred dollars.

"(b) *If the permit holder has violated,* at the premises for which his permit was issued, *any provision of Title XLIII [43] of the Revised Code or rule of the commission* for which he has been disciplined by the commission *not more than one other time during the preceding two years,* the *amount of the forfeiture for each day of the suspension shall be from two hundred to four hundred dollars.*" (Emphasis added.)

In the case at bar, the penalty imposed by appellee was clearly authorized by law. R.C. 4301.25(A) and (B) (now [C]) clearly gave appellee the authority to impose a forty-day license suspension. R.C. 4301.252(A)(2)(b), in turn, clearly gave appellee the authority to impose, in the alternative, a forfeiture of $16,000.[5] Since, as we have previously discussed, the trial court did not abuse its discretion in finding that appellee's order was supported by reliable, probative, and substantial evidence, the trial court was without authority to modify the penalty.

The VFW Post's argument that the trial court erred when it did not rule on the Post's assignment of error is without merit. R.C. 119.12, which governs the VFW Post's appeal to the trial court, expressly limits that review to a determination of whether appellee's order was supported by reliable, probative and substantial evidence and is in accordance with law. "Although that court may consider the errors assigned as bearing on the validity of the agency's order, it is not required to expressly rule on each assignment of error." *In re Wozniak* (Apr. 30, 1985), Franklin App. No. 84AP–602, unreported, 1985 WL 10268. The VFW Post's fourth assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and POWELL, JJ., concur.

---

**5.** A $16,000 forfeiture equals $400 for each day of a forty-day license suspension. The forfeiture was clearly authorized under R.C. 4301.252(A)(2)(b) in light of the fact that the VFW Post had already been disciplined in 1994 by appellee for a gambling violation.