AMERICAN LEGION POST 0046 BELLEVUE, Appellant,

v.

OHIO LIQUOR CONTROL COMMISSION, Appellee.

[Cite as *Am. Legion Post 0046 Bellevue v. Ohio Liquor Control Comm.* (1996), 111 Ohio App.3d 795.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–95–052.

Decided June 21, 1996.

Darrell Fawley, Jr. and Kurt O. Gearhiser, for appellant.

Betty D. Montgomery, Attorney General, and Barbara Serve, Assistant Attorney General, for appellee.

Per Curiam.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas which affirmed the decision of appellee, the Ohio Liquor Control Commission ("commission"), finding that appellant, American Legion Post 0046 Bellevue, violated Ohio Adm.Code 4301:1–1–53. Appellant sets forth the following four assignments of error:

"I. The Sandusky County Common Pleas Court erred when it failed to find that the entry and search of the D–4 permit premises by the Department of Liquor Control investigators was unlawful and violated the United States Constitution and the Ohio Constitution.

"II. The Sandusky County Common Pleas Court erred when it failed to find Ohio Administrative Code 4301:1–1–79 unconstitutional.

"III. The Sandusky County Common Pleas Court erred when it affirmed the Liquor Control Commission finding [sic] reliable, probative and substantial evidence to support a violation of Ohio Administrative Code 4301:1–1–53.

"IV. The Sandusky County Common Pleas Court erred when it failed to find that the Liquor Control Commission had abused its discretion in ordering a one hundred eighty day suspension of appellant's permit."

The facts relevant to this appeal are as follows. On April 11, 1995, appellant was charged by the commission with three violations of Ohio Adm.Code 4301:1–1–53(B): (1) permitting and/or allowing gambling by means of electronic video gambling machines, (2) permitting and/or allowing gambling by means of tip tickets, and (3) permitting and/or allowing gambling by means of payoff records. These violations were observed when three commission agents entered appellant's premises through an unlocked back door on December 20, 1994, identified themselves to the bartender, and informed her that there would be an administrative inspection of the premises.

Notice of a hearing scheduled for May 4, 1995 was sent to appellant. No one appeared at the hearing on behalf of appellant, and the Attorney General, pursuant to Civ.R. 55, moved for an order by default. In its order, the commission found that appellant had committed all three violations and suspended appellant's liquor license for one hundred eighty days.

Appellant appealed this order to the common pleas court, pursuant to R.C. 119.12. The common pleas court found that the commission's decision was supported by reliable, probative and substantial evidence and was in accordance with the law. Appellant timely filed this appeal.

In its first assignment of error, appellant argues that the trial court erred in failing to find the warrantless entry and search of appellant's premises violative of the prohibitions against unreasonable searches and seizures as guaranteed by the Ohio and United States Constitutions. This court finds no merit to this argument.

R.C. 4301.10 and Ohio Adm.Code 4301:1–1–79 ("Rule 79") set forth Ohio's statutory and administrative requirements governing warrantless administrative searches of a permittee's premises. In *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, the Ohio Supreme Court held that a party challenging the constitutionality of a statute as applied must raise the challenge at the first available opportunity during the administrative proceedings. See, also, *Consumers' Counsel v. Pub. Util. Comm.* (1994), 70 Ohio St.3d 244, 248, 638 N.E.2d 550, 553–554; *Toledo Jewish Home for the Aged, Inc. v. Limbach* (1990), 53 Ohio St.3d 52, 55, 559 N.E.2d 451, 453–454; *Atwood Resources, Inc. v. Pub. Util. Comm.* (1989), 43 Ohio St.3d 96, 101, 538 N.E.2d 1049, 1053–1054; *Loyal Order of Moose Lodge No. 1473 v. Ohio Liquor Comm.* (1994), 95 Ohio App.3d 109, 114, 641 N.E.2d 1182, 1185; *Zieverink v. Ackerman* (1981), 1 Ohio App.3d 10, 11, 1 OBR 51, 51–52, 437 N.E.2d 319, 319–320. In the case *sub judice,* appellant did not appear at the commission hearing and, thus, did not challenge the constitutionality of Rule 79, as applied at the first available opportunity.

Accordingly, appellant's first assignment of error is found not well taken.

In its second assignment of error, appellant argues that the trial court erred in failing to find Rule 79 unconstitutional.

The commission has no authority to pass on the constitutionality of a statute. Therefore, in contrast to the requirement that a party must raise the constitutionality of a statute as applied to that party at the first opportunity, a party need not raise the question of the facial constitutionality of a statute before the commission in order to be entitled to present it on appeal in the trial court. *Rahal v. Liquor Control Comm.* (1965), 1 Ohio App.2d 263, 271, 30 O.O.2d 287, 292, 204 N.E.2d 535, 540–541.

Appellant sets forth three arguments in support of this assignment of error:

(1) that Rule 79 is unconstitutional because it fails to establish time, place, and scope on warrantless searches of liquor establishments;

(2) that Rule 79 is unconstitutional because it was not enacted within one hundred twenty days as required by R.C. 4301.10(A)(6); and

(3) that Rule 79 is unconstitutional because the legislature unconstitutionally delegated its power to the commission.

In regard to the first argument, in *Palazzi v. Estate of Gardner* (1987), 32 Ohio St.3d 169, 512 N.E.2d 971, syllabus, the Ohio Supreme Court held:

"The constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision."

Appellant argues that Rule 79 is unconstitutionally broad because there are no time, place and scope limitations on the inspection powers of commission agents. Appellant further argues that Rule 79 allows searches into areas not a part of the permit premises and into locked safes, desks, and closets. However, under *Palazzi, supra,* we do not address the issue of constitutionality unless appellant can show it was injured by the alleged unconstitutional provision. Appellant has failed in this burden. The record shows that the commission's agents visited the permit premises, identified themselves to an employee, and searched only the permit premises without searching locked cabinets, safes, or personal property. Therefore, this court finds that appellant was not injured by the alleged unconstitutional provisions of Rule 79 and cannot question its constitutionality. *Loom Lodge 926 v. Ohio Liquor Control Comm.* (Feb. 9, 1995), Tuscarawas App. No. 94AP100070, unreported, 1995 WL 156402; *VFW Post 9622 v. Ohio Liquor Control Comm.* (1996), 109 Ohio App.3d 762, 673 N.E.2d 166.

Appellant's second argument, that Rule 79 is unconstitutional because it was not enacted within one hundred twenty days as required by R.C. 4301.10(A)(6), is

also without merit. See *VFW Post 9622 v. Ohio Liquor Control Comm.* (1996), 109 Ohio App.3d 762, 673 N.E.2d 166; *FOE Aerie 2251 v. Ohio Liquor Control Comm.* (Oct. 30, 1995), Tuscarawas App. No. 95AP030020, unreported, 1995 WL 768025.

■ Appellant's third argument is that Rule 79 is unconstitutional because the legislature unconstitutionally delegated its power to the commission. Administrative agencies, such as the commission, possess rulemaking powers pursuant to a statutory delegation of power. *Kelly v. Accountancy Bd. of Ohio* (1993), 88 Ohio App.3d 453, 457, 624 N.E.2d 292, 294–295. The commission promulgated rules governing inspections pursuant to the authority delegated to it by the General Assembly in R.C. 4301.10(A)(6). Appellant's argument is without merit. See *Queensgate Invest. Co. v. Liquor Control Comm.* (1982), 69 Ohio St.2d 361, 363, 23 O.O.3d 337, 338, 433 N.E.2d 138, 140; *Burger Brewing Co. v. Thomas* (1975), 42 Ohio St.2d 377, 71 O.O.2d 366, 329 N.E.2d 693.

Accordingly, appellant's second assignment of error is found not well taken.

In its third assignment of error, appellant argues that the trial court erred when it affirmed the commission's finding and found reliable, probative and substantial evidence to support the finding of a violation of Ohio Adm.Code 4301:1–1–53 ("Rule 53"). Appellant argues that the department did not produce evidence to satisfy the statutory definitions of gambling, that there was no sworn testimony heard by the commission, and that the agents' report showed that one agent played the electronic machines, no payoffs were received, and no money changed hands. In essence, appellant argues that the elements of R.C. 2915.02 were not proved.[1]

■ R.C. 119.12 provides that the court of common pleas may affirm the decision of an administrative agency if, after reviewing the entire record and any additional evidence admitted by the court, the trial court finds the agency's decision is supported by reliable, probative and substantial evidence. *Kennedy v. Marion Corr. Inst.* (1994), 69 Ohio St.3d 20, 21, 630 N.E.2d 324, 325–326. The standard of review to be applied by this court is whether the decision of the court of common pleas was an abuse of discretion. *Hawkins v. Marion Corr. Inst.* (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724–725.

---

1. R.C. 2915.02 provides:
   "(A) No person shall do any of the following:
   " * * *
   "(2) Establish, promote, or operate or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit;
   " * * *
   "(5) With purpose to violate division (A)(1), (2), (3), or (4) of this section, acquire, possess, control, or operate any gambling device."

Possession of a gambling device on a liquor permit premises constitutes a violation of Rule 53.[2] In *Mills–Jennings of Ohio, Inc. v. Liquor Control Comm.* (1984), 16 Ohio App.3d 290, 293, 16 OBR 321, 323, 475 N.E.2d 1321, 1324, the court stated:

"Under Ohio Adm.Code 4301:1–1–53(B), it is the place of the possession of the devices, that is, *on permit premises,* that causes the possession to be unlawful. Whereas, in order to amount to a criminal violation of R.C. 2915.02(A)(5) the possession must be with purpose to violate other provisions of the gambling laws." (Emphasis *sic.*)

Three electronic video machines were found on appellant's premises. These electronic video machines qualify as gambling devices. *Mills–Jennings, Inc. v. Dept. of Liquor Control* (1982), 70 Ohio St.2d 95, 24 O.O.3d 181, 435 N.E.2d 407; *Garono v. State* (1988), 37 Ohio St.3d 171, 524 N.E.2d 496. The machines were fully functional and operable. Contemporaneous with their discovery, the machines were actually played with money which in turn generated certain "credits." This is evidence of gambling activity prohibited under R.C. Chapter 2915.

Administrative violations of Rule 53 are distinguishable from criminal prosecutions under R.C. Chapter 2915. The elements are different, and the showing of profit, while necessary in a criminal gambling prosecution, is not needed to find a Rule 53 violation. The trial court's conclusion that the commission's decision was supported by reliable, probative and substantial evidence of violation of Rule 53 was not an abuse of discretion.

Accordingly, appellant's third assignment of error is found not well taken.

In its fourth assignment of error, appellant argues that the trial court erred when it failed to find that the commission abused its discretion in ordering a one-hundred-eighty-day suspension of appellant's permit. This contention is without merit.

It is well established that in an R.C. 119.12 appeal from an order of an administrative agency to the court of common pleas, the court of common pleas is precluded from modifying a penalty which the agency imposed supported by reliable, probative, and substantial evidence, as long as the penalty is authorized by law. *DeBlanco v. Ohio State Med. Bd.* (1992), 78 Ohio App.3d 194, 202, 604 N.E.2d 212, 217, citing *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170

---

2. Rule 53 provided:

"(B) No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01 * * *."

Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678. R.C. 4301.25 provides that the commission may suspend or revoke any permit issued for violations of any lawful rule of the commission. Because the trial court did not abuse its discretion in finding that the commission's order was supported by reliable, probative, and substantial evidence, the trial court was without authority to modify the penalty.

Accordingly, appellant's fourth assignment of error is found not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, GLASSER and SHERCK, JJ., concur.