## MOTION DOCKET

**96–1596. State ex rel. The Miami Student v. Miami Univ. Bd. of Trustees.**
In Mandamus. On request for payment of attorney fees and costs and on motion to strike. Motion to strike denied and leave of ten days to respond granted.

**97–567. Cope v. Metro Life Ins. Co.**
Columbiana App. No. 95CO46. On motion for admission *pro hac vice* of Michael Malakoff, James Pietz, Howard Specter, David Manogue, and Joseph Kravec, Jr. Motion granted.
Cook, J., dissents.

**97–714. Long Beach Assn., Inc. v. Jones.**
Ottawa App. No. No. OT–96–032. On motion for leave to supplement the record. Motion granted.

**97–851. State v. Dye.**
Summit App. No. 17763. On motion to strike notice of appeal and memorandum in support of jurisdiction. Motion to strike denied as moot.
Douglas, J., would also grant twenty days to file.
Lundberg Stratton, J., would also grant thirty days to file.

**97–1231. State ex rel. Jones v. Suster.**
In Prohibition. On motion to dismiss. *Sua sponte*, alternative writ granted.
Moyer, C.J., Pfeifer and Cook, JJ., dissent and would grant the motion to dismiss.

**97–1312. State v. Cowans.**
Clermont C.P. No. 96CR005394. On motion for leave to file delayed appeal. Motion granted.

**97–1331. State ex rel. Schneider v. Kreiner.**
In Mandamus. On answer of respondent, motion for summary judgment, motion for issuance of alternative writ, and motion for issuance of peremptory writ. *Sua sponte*, alternative writ granted.

**97–1384. VFW Post 8586 v. Ohio Liquor Control Comm.**
Ashland App. No. 96COA1167. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Judgment Entry filed June 26, 1997:

"This cause comes before us upon appellee's motion to certify a conflict between our opinion in the within and opinions issued by other courts of appeals.

"Upon review, we find our opinion is in conflict with: *Loom Lodge 1473 v. Liquor Control Commission* (1994), 95 Ohio App.3d 109 [641 N.E.2d 1182], 3d District Court of Appeals; *A.L. Post 0014 v. Liquor Control Commission* (July 25, 1989), Ross Appellate #1482, unreported, 4th Appellate District; *A.L. Post 0046 v. Liquor Control Commission* (1996), 111 Ohio App.3d 795 [677 N.E.2d 384], 6th Appellate District, and *Mills–Jennings of Ohio, Inc. v. Liquor Control Commission* (1984), 16 Ohio App.3d 290 [16 OBR 321, 475 N.E.2d 1321], 10th Appellate District.

"The motion to certify conflict is sustained.

"Pursuant to App.R. 25(A), we certify the following issue of law to the Ohio Supreme Court for review and final resolution:

"Whether mere possession of gambling devices [on liquor permit premises] violates Ohio Adm.Code 4301:1–1–53."
Moyer, C.J., dissents.
*Sua sponte*, cause consolidated with 97–1383, *infra*.

**97–1510. State v. Puls.**
Cuyahoga App. No. 72404. On motion for leave to file delayed appeal. Motion denied.
Moyer, C.J., dissents.
Douglas, J., not participating.

**97–1519. State v. Marbury.**
Cuyahoga App. No. 72218. On motion for leave to file delayed appeal. Motion denied.
Moyer, C.J., and Pfeifer, J., dissent.