OPINION
On May 26, 2000, American Legion Post 200 Club ("club") was mailed a notice of a hearing before the Ohio Liquor Control Commission ("commission") in order to determine whether its liquor permit should be suspended or revoked or forfeiture ordered for the following alleged violations:
 Violation #1: On or about March 3, 1999, your agent and/or employee * * * did permit and/or allow in and upon the permit premises, gaming or wagering on a game of skill and/or chance to wit, electronic video gambling device cherry masters in violation of regulation 4301:1-1-53, Ohio Admin. Code.
 Violation #2: On or about March 3, 1999, your agent and/or employee * * * did permit and/or allow in and upon the permit premises, gaming or wagering on a game of skill and/or chance to wit, tip tickets in violation of regulation 4301:1-1-53, Ohio Admin. Code.
 Violation #3: On or about March 3, 1999, your agent and/or employee * * * did permit and/or allow in and upon the permit premises, gaming or wagering on a game of skill and/or chance to wit, daily/weekly drawings for prizes in violation of regulation 4301:1-1-53, Ohio Admin. Code.
 Violation #4: On or about March 3, 1999, your agent and/or employee * * * did permit and/or allow in and upon the permit premises, gaming or wagering on a game of skill and/or chance to wit, payoff records on gambling in violation of regulation 4301:1-1-53, Ohio Admin. Code.
A hearing was held on June 21, 2000. The club was represented by counsel. Counsel entered a denial of the violations but stipulated to the evidence as to Violation Nos. 1 and 2. In exchange for such stipulation, Violation Nos. 3 and 4 were dismissed. No testimony was taken; however, the state submitted certain documents, including an investigative report, which were admitted with no objection by the club. The club's counsel presented arguments relating to mitigating factors.
On July 31, 2000, the commission mailed its order which found against the club as to Violation Nos. 1 and 2 and ordered that the club's liquor permit be revoked. The club appealed the commission's order to the Franklin County Court of Common Pleas. he parties submitted briefs. On June 1, 2001, the common pleas court filed a decision and judgment entry affirming the commission's order.
The club (hereinafter "appellant") has appealed to this court, assigning six errors for our consideration:
 I. The underlying Statutes and Administrative Code Sections upon which the charges are based are a nullity as they violated the criminal jurisprudence of Ohio and represent a violation of the sovereignty of this State.
 II. Unlawfully obtained evidence was utilized at both the Commission and Trial Court and critical evidence to sustain any finding against Appellant was not produced by the State.
 III. The decision to revoke the Appellant's permit for allegedly violating O.A.C. 4301:1-1-53 was not supported by reliable, probative, and substantial evidence.
 IV. The applicable statutory and administrative code sections upon which the charges, procedures, and order of revocation were based, and affirmed, are unconstitutional under both the Ohio and United States Constitutions.
 V. The enforcement of the gambling statute and administrative regulations was a denial of the Appellant's and its members' rights to assemble, freedom of expression, and a direct suppression of their civil rights in exercising their creed and national heritage, as prohibited under the United States and Ohio Constitutions, and statutorily under the state and federal law.
 VI. The ruling of the Trial Court must be reversed because the ruling was a clear abuse of discretion as the excessively harsh penalty of the Commission is not supported by substantial, reliable and probative evidence, and represents a disproportionate penalty.
Prior to addressing the merits of appellant's assignments of error, we must first address the issue of waiver. In its first, second, fourth and fifth assignments of error, appellant sets forth arguments and issues that were not raised either before the commission or before the common pleas court. Generally, a party waives the right to appeal an issue that could have been but was not raised in earlier proceedings. See Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm. (1993),91 Ohio App.3d 76, 80. This principle has been applied in appeals from administrative agencies. See Loyal Order of Moose Lodge No. 1473 v. Ohio Liquor Control Comm. (1994), 95 Ohio App.3d 109, 114.
As to constitutional issues, when such issues are neither raised at the administrative proceedings nor before the common pleas court, they will not be addressed in the first instance by the court of appeals. Bouquett v. Ohio State Med. Bd. (1997), 123 Ohio App.3d 466, 474, discretionary appeal dismissed in (1998), 81 Ohio St.3d 1415. In addition, to the extent our review of constitutional issues not raised below may be discretionary, we decline to exercise such discretion as the record does not reveal any plain error nor does it demonstrate a situation where the rights and interests involved merit review of such issues. See Kimberly Ent. Corp. v. Ohio Liquor Control Comm. (Nov. 26, 1996), Franklin App. No. 96APE05-581, unreported.
Appellant failed to raise the issues and arguments set forth in its first, second, fourth and fifth assignments of error. Therefore, such issues and arguments have been waived, and this court will not address them.
In its third and sixth assignments of error, appellant contends, in essence, that the commission's order and penalty of revocation were not supported by reliable, probative and substantial evidence and were not in accordance with law.[1] In reviewing the commission's order in an R.C. 119.12 appeal, a court of common pleas is required to affirm if the commission's order is supported by reliable, probative and substantial evidence and is in accordance with law. VFW Post 8586 v. Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79, 81. The determination of whether an agency order is supported by reliable, probative and substantial evidence involves essentially a question of the absence or presence of the requisite quantum of evidence. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111.
While it is incumbent on the common pleas court to examine the evidence, this is not the function of the court of appeals. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. This court determines only if the common pleas court abused its discretion, which encompasses not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency. Id. Absent such an abuse of discretion, this court may not substitute its judgment for that of the agency or common pleas court. Id.
In the case at bar, appellant stipulated to the evidence as to Violation Nos. 1 and 2, which involved alleged violations of Ohio Adm. Code 4301:1-1-53(B). Ohio Adm. Code 4301:1-1-53(B) states:
 No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01
of the Revised Code.
R.C. 2915.01(F) states:
"Gambling device" means:
 (1) A book, totalizer, or other equipment for recording bets;
 (2) A ticket, token, or other device representing a chance, share, or interest in a scheme of chance, except a charitable bingo game, or evidencing a bet;
 (3) A deck of cards, dice, gaming table, roulette wheel, slot machine, punch board, or other apparatus designed for use in connection with a game of chance;
 (4) Any equipment, device, apparatus, or paraphernalia specially designed for gambling purposes.
Electronic video machines and tip tickets are gambling devices as defined in R.C. 2915.01(F). See VFW Post 8586, supra at 81; Mills-Jennings, Inc. v. Dept. of Liquor Control (1982), 70 Ohio St.2d 95,97-98; Gran of Akron, Inc. v. Ohio Liquor Control Comm. (1996),112 Ohio App.3d 487, 490; and Am. Legion Post 0046 Bellevue v. Ohio Liquor Control Comm. (1996), 111 Ohio App.3d 795, 800. In VFW Post 8586, paragraphs one and two of the syllabus, the Supreme Court of Ohio held:
 1. Mere possession of a gambling device on a liquor permit premises does not constitute a violation of Ohio Adm. Code 4301:1-1-53(B).
 2. To find a violation of Ohio Adm. Code 4301:1-1-53(B), the Liquor Control Commission must receive evidence tending to prove the same elements that are required to sustain a criminal conviction of one of the gambling offenses listed in R.C. 2915.01(G).
Under R.C. 2915.01(G)(1), a gambling offense includes a violation of R.C. 2915.02. R.C. 2915.02(A) states, in pertinent part:
(A) No person shall do any of the following:
* * *
 (2) Establish, promote, or operate or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit[.]
In determining whether or not there was sufficient evidence to show that a gambling device had been used to violate R.C. 2915.02(A)(2), the Supreme Court in VFW Post 8586 stated that such violation need not be proved by direct evidence, and the commission was permitted to draw reasonable inferences based upon the evidence before it. Id. at 82. Further, the Supreme Court stated that a violation of Ohio Adm. Code4301:1-1-53 must be shown by a preponderance of the evidence. Id. at 81.
The stipulated evidence in the case at bar establishes the following. On March 2, 1999, two agents entered the premises at issue and observed four electronic video gambling machines, which were all turned on, and two men playing one of the machines. The agents also observed daily sign-up sheets and plastic containers containing numerous tip tickets. The agents then left the premises.
Pursuant to this information, a search warrant was obtained and several agents returned to the permit premises the following day. The agents executed the search warrant. The agents observed three persons playing three of the electronic video gambling machines. These persons were identified as two members and a manager of the club.
The video machines at issue were identified as "Cherry Masters," which operate as electronic slot machines. Upon playing credits, fruits and numbers revolve and then stop. If the cubes match, the player is awarded a pre-determined amount of credits. There is no skill involved in playing these machines.
A total of $418 was seized from the three machines. The agents observed three plastic containers containing numerous tip tickets. In front of each tip ticket container was an envelope. A total of $161 was found in these envelopes. Also found was a metal box and three small envelopes containing money that was used "excessively" for gambling transactions. A total of $2,109 was seized from the metal box and envelopes.
Inside an open safe were two metal boxes that contained $2,000 used for gambling purposes and an envelope containing twenty-four winning tip tickets as payoff records. Also found were two bank pouches, one of which contained numerous winning tip tickets as payoff records. In addition, nine plastic containers containing numerous tip tickets were found along with $978 from envelopes inside such plastic containers. Seventeen intact packets and two intact boxes of tip tickets were found. Receipts and cancelled checks were located which showed that J.T. Investments, Inc. had been supplying tip tickets. The tip tickets were solely a game of chance with no skill required.
Computer business records showed appellant took in a total of $10,269 and $12,325 for January and February 1999, respectively, solely from gambling activities.
Given all of the above evidence, the common pleas court did not abuse its discretion in affirming the commission's order in regard to Violation Nos. 1 and 2. There was sufficient evidence showing that appellant had on the permit premises gambling devices that were used in gambling offenses as defined in R.C. 2915.02(A)(2). In addition, there was insufficient evidence showing that appellant was an exempt organization.
Appellant also contends that the penalty of revocation was too severe. However, R.C. 4301.25(A) allows the commission to revoke a permit if it finds a violation of its rules or regulations. Here, the commission properly found that appellant had violated Ohio Adm. Code 4301:1-1-53(B). Citing Henry's Café, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233, this court has on numerous occasions stated that it has no authority to modify a penalty lawfully imposed by the commission. See Zygo, Inc. v. Ohio Liquor Control Comm. (Sept. 20, 2001), Franklin App. No. 01AP-181, unreported; Lindner v. Ohio Liquor Control Comm. (May 31, 2001), Franklin App. No. 00AP-1430, unreported; and Vesely v. Ohio Liquor Control Comm. (Mar. 29, 2001), Franklin App. No. 00AP-1016, unreported.
As we have already determined, the common pleas court did not err in affirming the commission's order which found violations of Ohio Adm. Code4301:1-1-53. Therefore, this court has no authority to modify the lawfully-imposed penalty of revocation.
Given all of the above, the common pleas court did not abuse its discretion in affirming the commission's order. Accordingly, appellant's third and sixth assignments of error are overruled.
In summary, appellant's third and sixth assignments of error are overruled. Appellant's remaining assignments of error have been waived. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.
[1] To the extent that in its third and sixth assignments of error appellant also sets forth constitutional and other issues not raised below, such issues have been waived, as discussed above, and we will not address them. The only issue appellant has preserved for our review is whether the common pleas court erred in determining that the commission's order was supported by reliable, probative and substantial evidence and was in accordance with law.