Myers, J.
 

 Conviction of the defendant, Is adore Pearlman, in the Municipal Court of Cleveland for recording a wager on a horse race is questioned in this cause. The Court of Appeals reversed the conviction on the ground that it was unable to find any evidence in the record of defendant recording a wager, either 'direct or circumstantial. The statute involved is Section 13062, General Code. George Kiplinger, a witness for the state, testified that he went to a building at 8103 Euclid avenue in the city of Cleveland wherein he saw the defendant and eight or nine other people. The witness testified in part as follows:
 

 
 *37
 
 “Q. What, if anything, did you do when you went in there ? A. I placed a fif ty-cent het— * * *
 

 “Q. With whom? A. This man, who later was identified as Mr. Pearlman.
 

 “Q. What, if anything, did you give him? A. I used a fifty cent coin.
 

 “Q. I show you, which for the purpose of identification is marked plaintiff’s exhibit A, and ask you if you ever seen this before? A. That’s the same coin I took in there. * * *
 

 “Q. And after you gave that half dollar to Mr. Pearl-man, did you see him do anything with it? A. No, that went into his pocket.
 

 “Q. When did you see the coin again? A. When patrolman searched him in the back room.
 

 “Q. Do you remember what particular horse you placed the Let on? A. Travel Agent.
 

 “Q. What race was that, if you know? A. I think it was either the fifth or sixth race at Thistle Down.
 

 “Q. I show you what is marked for the purpose of identification state’s exhibit, or plaintiff’s exhibit B, and ask you if you ever seen this before? A. Yes, I did.
 

 “Q. Where? A. That was hanging on the wall facing the place as I walked in.
 

 “Q. Which room are you talking about? A. In the room I went in with Mr. Pearlman.
 

 “Q. What do you call that? A. Race .chart.
 

 “Q. Is the name of the horse on that paper? A. It is.
 

 “Q. Will you please point it out to the court? A. Fifth race at Thistle Down (indicating).”
 

 It is unnecessary to repeat here the further testimony of Mr. Kiplinger or the testimony of William Lavin, a patrolman of the Cleveland police department who with John O’Brien, another patrolman of the city of Cleveland, made the arrest of the defendant. The statute in question was intended to prevent the
 
 *38
 
 operation of a certain kind of gambling which the defendant, according to the record, was operating at the time.
 

 Defendant did not offer himself or any other witness in his own behalf.
 

 In order to determine whether defendant was guilty the trial court had the duty of considering all of the evidence material and relevant to the offense charged. There is no doubt about the wager being made. The direct testimony of witness Kiplinger was corroborated by the marked coin found in the defendant’s pocket, a fact, a circumstance, a record in fact, that defendant took the money for the wager. The purpose for which defendant received the money is otherwise evidenced by exhibit B used by defendant in his operation and by virtue of which defendant received the marked money wagered. Defendant knew and must have recorded in his own memory at least that he received the money as a wager on Travel Agent. Where operations are conducted with all of the accessories as .revealed in the instant case there may be a mental recording as well as a record by writing.
 

 ' The racing chart, exhibit B in evidence, found hanging on the wall, conveyed to the prospective bettor detailed information concerning four different race tracks including Thistle Down, the track on which Travel Agent was to run. Here was recorded evidence of the horse, the track and even weather conditions prevailing at Thistle Down where the race was to be run. Such evidence, such record was used by defendant in securing wagers including the one on Travel Agent. Together with/ what was said and done at the time, the trial court had the right and duty to consider all such evidence in order to decide whether defendant was guilty of recording a wager as charged in the affidavit. There was ample evidence of a convincing character to find the defendant guilty as charged.
 

 The judgment of the Court of Appeals will be re
 
 *39
 
 versed and the judgment of the Municipal Court of the city of Cleveland affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman and Hart, JJ., concur.
 

 Williams, J., concurs in the judgment.