**STATE, Appellee, v SCHUBERT, Appellant.**

Ohio Appeals, First District, Hamilton County.

Nos. 6751 & 6752. Decided January 6th, 1947.

John D. Ellis, Cincinnati, Robert J. Paul, Cincinnati, and Harry Meier, Cincinnati, for appellee.
Benj. P. Pink, Cincinnati, for Appellant.

## OPINION

PER CURIAM:

These appeals upon questions of law from convictions in

the Municipal Court of Cincinnati, affirmed by the Common Pleas Court of Hamilton County, raise a number of questions.

(1) It is claimed that the affidavits which were grounded on violations of §13059, GC, did not state offenses thereunder.

It appears from the evidence that a police officer gave the defendant two dollars as a wager upon a certain horse race, and two dollars upon another horse race. The theory of the defendant is that although the officer made a wager the defendant merely accepted a wager. This theory cannot be sustained. The defendant made a wager just as fully as the officer. In effect, the officer bet the horse selected by him would win, the defendant that it would not. Although statutes providing for punishment of crime must be strictly construed, they are to be given a fair and reasonable construction. Such construction destroys this theory of the defendant.

(2) An ancillary contention to this first theory is, that the proper section upon which to ground the affidavits would be §13062, GC.

**State of Ohio v Pearlman, 136 Oh St 36,** relied upon by defendant does not preclude a conviction under §13059, GC, when the facts are as shown in the evidence here presented. No rule of law prevents a conviction under one statute merely because the same evidence might sustain a conviction under another statute.

This Court is in accord with the decision of Judges Skeel, Morgan and Doyle, sitting by designation for the First District, in Case No. 6651 on the docket of this Court (State v Ammann) in which conclusions similar to those here expressed were reached by those judges.

(3) It is asserted by the defendant that he is entitled to the benefit of a charge of entrapment. This Court has heretofore expressed its conclusions upon such a defense in State v Foster, No. 6554, and State v Hansen, No. 6555, on the docket of this Court.

There appears no evidence that the defendant was induced to do anything he would not have done had the person who tendered the money on the wager not been a police officer.

In other words, there is no evidence that the defendant was over-persuaded into considering a crime. It is apparent that he violated the law because he was in the habit of doing so, with ordinary persons, and there is direct evidence to this effect.

(4) It is further claimed the Court committed error in permitting certain evidence identifying the horses and races involved by use of certain so-called racing records. Whether

such horses ran at a certain track or lost is immaterial to the issues involved in these prosecutions. The charges involved only the **wager** and were complete when the money was taken and accepted upon an agreement to pay or not pay according to the result of a certain race. Such crime would have been complete even if there had been no such horses or tracks mentioned in the wager.

The evidence, therefore, as to the running of races at a certain track by certain horses was wholly immaterial and not prejudicial to the rights of the defendant.

There is also evidence that such racing records were displayed on tables in the cafe in which the defendant was employed and were consulted both by the officer and the defendant.

(5) It is also claimed the court committed error in permitting evidence as to certain sums of money taken from the person of the defendant by the officer at the time of his arrest.

There is evidence, however, that marked or listed bills, in evidence, accepted by the defendant as payment of the wager, were taken by the defendant from his pocket and placed upon a table upon the instruction of police officers and that such listed bills were in the "roll" containing other money introduced in evidence. It does not appear that the Court committed error prejudicial to defendant in permitting the introduction into evidence of all the money possessed by defendant, when the listed money is shown to be a part of the larger amount.

No error, prejudicial to the defendant-appellant, appearing in the record, the judgments of the Common Pleas Court, affirming the judgments of convictions in the Municipal Court of Cincinnati are affirmed.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur.