THE STATE OF OHIO, APPELLEE, *v.* MILES, APPELLANT.

(No. 45098—Decided March 31, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. James R. Willis,* for appellant.

PARRINO, P.J. Defendant-appellant Garry Miles appeals his conviction by the court of common pleas of possession of criminal tools in violation of R.C. 2923.24. His case was tried to the bench.

The facts are not in dispute. On November 1, 1980, appellant was stopped for a traffic violation; he did not have a driver's license with him. He was asked to get out of the car. He was arrested and a check was run which indicated appellant was wanted for outstanding traffic warrants. Following the arrest the police conducted a pat-down search and found two hundred and thirty-nine dollars and betting slips in appellant's pocket. These items were not then taken from appellant. The officers found a briefcase in the car and the appellant asked that he be allowed to keep it with him. The officers had appellant open the case when they arrived at the police station; it contained a large amount of cash and betting slips.

On December 19, 1980, the grand jury returned an indictment for possession of criminal tools. Appellant assigns one error on appeal:

"The defendant was denied due process when his conduct in possessing a 'gambling device' which is classified as a Misdemeanor offense, was arbitrarily prosecuted and punished as felonious conduct — that is, as the possession of a criminal tool: to wit 'a device' with intent to use the same to violate the gambling laws."[1]

The conduct of appellant which carries criminal liability is the possession of betting slips purposely used for illegal gambling. Under a reasonable interpretation of the criminal code, this conduct violates two separate code sections: R.C. 2915.02(A)(5), gambling, and R.C. 2923.24, possession of criminal tools. Gambling is a misdemeanor of the first degree for first offenders and a felony of the fourth degree for one previously convicted of any gambling offense; possession of criminal tools is a felony of the fourth degree.

The state may properly bring charges against an individual under any statute which proscribes the criminal behavior.[2] In the instant case the prosecution chose to pursue conviction under the statute carrying a higher punishment for first offenders. Unless the choice to prosecute under the statute carrying a higher penalty can be shown to be based on impermissible criteria, such as race, religion, or other arbitrary classification, which is not alleged, the election to so proceed does not violate due process. See *State* v. *Schubert* (1947), 80 Ohio App. 132 [35 O.O. 468] (wherein the Hamilton County Court of Appeals stated, at page 133, that "* * * [n]o rule of law prevents a conviction under one statute merely because the same evidence might sustain a conviction under another statute."); cf. *United States* v. *Batchelder* (1979), 442 U.S. 114 (where two federal criminal statutes prohibit the same conduct but carry different penalties, no violation of due process or equal protection based on excessive prosecutorial discretion is present as the discretion is subject to constitutional restraint).

Accordingly, we hold that where two statutes proscribe the same criminal conduct, in the absence of proof that the prosecution is based upon an impermissible criterion such as race, religion, or other arbitrary classification, a defendant may be charged and convicted under the statute providing the greater penalty.

Appellant's assignment of error is overruled.

*Judgment affirmed.*

JACKSON and PRYATEL, JJ., concur.

---

[1] The pertinent parts of the relevant statutes read as follows:

R.C. 2923.24 Possessing criminal tools.

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:
"* * *

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use."

R.C. 2915.02 Gambling.

"(A) No person shall:
"* * *

"(5) With purpose to violate division (A)(1), (2), (3), or (4) of this section, acquire, possess, control, or operate any gambling device."

[2] The possibility of multiple convictions for singular conduct is precluded by R.C. 2941.25 which, in relevant part, provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."