THE STATE OF OHIO, APPELLEE, *v.* OLIVER ET AL., APPELLANTS.

(Nos. 1682 & 1683—
Decided May 4, 1987.)

*John J. Plough,* prosecuting attorney, for appellee.

*David A. Sed,* for appellants.

FORD, J. On October 13 and October 18, 1984, Agents Jackie Bozeman

and Steve Hasseman of the Ohio Department of Liquor Control were sent to investigate a complaint regarding the presence of gambling machines at a bar owned by defendant-appellant, Ronald J. Oliver, doing business as defendant-appellant, Chaparell Lounge, in Brady Lake, Ohio. At trial, Agent Bozeman testified that, on both of the foregoing dates, he played one of two Castle Video Machines and accumulated points on the devices. Agent Bozeman stated that his winnings on the first occasion amounted to $10 and that he was compensated in the form of a free pizza worth $6.95, and $3.05 in cash. On the second visit, Bozeman testified that he received the sum of $12.50 in cash for the points he had accumulated on the machine.

On December 13, 1984, appellants Ronald Oliver and Chaparell Lounge were jointly indicted on four counts, namely, possessing criminal tools, gambling — conducting a game of chance, gambling — possessing a gambling device, and operating a gambling house.

Thereafter, appellant Oliver filed numerous pretrial motions, including two motions to suppress evidence and a motion to dismiss counts two, three, and four of the indictment, for failure to comply with the speedy trial requirements of R.C. 2945.71(B). Although the trial court overruled appellant's motion to suppress, appellant Oliver's motion to dismiss the subject three counts was granted.

Subsequently, on August 13, 1985, appellant Oliver was tried before a jury in the Portage County Court of Common Pleas, with respect to the remaining count of possessing criminal tools. R.C. 2923.24(A). At the close of the evidence, the jury returned a verdict of guilty. On August 17, 1985, appellant Chaparell Lounge entered a plea of no contest to the subject charge and was found guilty by the trial judge on August 19, 1985. Appellant Oliver was sentenced to six

months in the Ohio State Reformatory and fined $1,000, plus costs. The trial court, however, suspended the foregoing prison sentence and placed appellant Oliver on probation for one year. Appellant Chaparell Lounge was fined $1,000, plus costs.

On April 11, 1986, appellant Ronald J. Oliver in case No. 1682, and appellant Chaparell Lounge in case No. 1683, timely filed a notice of appeal, advancing the following same assignments of error:

"1. The trial court erred in not granting defendant's motion for a directed verdict of acquittal because the state failed to prove that the defendant was a permit holder from the Department of Liquor Control.

"2. Ohio Revised Code Section 2923.24 is unconstitutional in that it violates the due process clause of the 14th Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution.

"3. The trial court erred in not granting the defendant's motion for a directed verdict because the state's evidence was insufficient as a matter of law to sustain a conviction.

"4. The trial court committed error prejudicial to the defendant by not granting defendant's pretrial motion to dismiss the possessing criminal tools charge on the grounds that it was unconstitutional and violated rules of statutory construction.

"5. The defendant was placed in double jeopardy in violation of the 5th Amendment to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."

Appellant Oliver's first assignment of error contends that the trial court erred in not granting appellant's motion for a directed verdict, alleging that the state failed to establish that appellant Oliver was the liquor permit holder. In support of his argument, appellant relies on this court's decision in *State* v. *Evans*

(May 17, 1985), Portage App. No. 1437, unreported.

In the first instance, *Evans, supra,* involved a pretrial motion to suppress evidence of video gambling machines, based on a warrantless search of the alleged liquor permit holder's premises. While the record in this action demonstrates that appellant filed a motion to suppress on the same ground as in *Evans, supra,* the trial court overruled the motion. Here, however, the discussion is addressed to appellant's motion for a directed verdict.

Further, in *Evans, supra,* this court upheld the trial court's decision granting the motion to suppress, concluding that:

"However, the prosecution did not sustain its burden of proof as to the search of the premises involved in the above-captioned cause. The prosecution, at the suppression hearing, offered no evidence. Counsel for appellees and the prosecution stipulated certain evidence. However, no evidence was stipulated as to the events that occurred on the permit holder's premises when the liquor agents visited the premises nor was there any stipulation as to what was seized by the agents other than the stipulation '* * * agents came back without proper order of the court, without any warrant, and seized these machines.' Most importantly, there was no stipulation, nor evidence offered, that the premises had a liquor permit." *Id.* at 3-4.

In the case *sub judice,* while a hearing was conducted on appellant's motion to suppress at which time the state advanced that Agents Bozeman and Hasseman offered testimony on the matter, the record does not contain a transcript of the subject hearing. Consequently, this court has no choice but to presume regularity in the lower court proceedings pertaining to the suppression hearing as it bears on appellant's first assignment of error.

Further, the transcript of the trial proceedings clearly shows that Agent Bozeman testified that appellant Oliver was the liquor permit holder for the establishment in question. Appellant does not cite this court to any authority for the proposition that the permit status of any given liquor establishment can only be proved by the introduction in evidence of the permit itself, or a properly authenticated copy thereof. We are not mindful of such requirement. The testimony of Agent Bozeman was sufficiently competent to establish this fact in evidence.

Thus, this case is factually distinguishable from *Evans, supra,* where there was no evidence as to the permit or its ownership or licensing status.

Since appellant has failed to establish his argument in this assignment, it is found to be without merit.

Appellants' second and fourth assignments of error involve the same issue and will thus be addressed in a consolidated manner. In these assignments, appellants challenge the trial court's refusal to dismiss the possession of criminal tools count, R.C. 2923.24, alleging that the subject statute violates the Due Process Clauses of the United States and Ohio Constitutions.

R.C. 2923.24 reads, in relevant part, as follows:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

"(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating such dangerous ordnance, materials, or parts are intended for legitimate use;

"(2) Possession or control of any substance, device, instrument, or article

designed or specially adapted for criminal use;

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use.

"* * *"

In *State* v. *Anderson* (Apr. 6, 1982), Franklin App. No. 81AP-799, unreported, the court disposed of the same argument which appellants now raise, as follows:

"Finally, defendant contends that R.C. 2923.24 is vague and overbroad. This statute is overbroad only if it prohibits conduct which must be permitted under the Federal Constitution. *State* v. *Diana* (1976), 48 Ohio St. 2d 199. Further, a statute is overbroad only if the language is insufficient to convey a definite warning of the prohibited conduct when measured by common understanding and practice. * * *

"* * *

"Manifestly, the language of the foregoing statute is readily understandable. Moreover, the statutes in this case do not conflict pursuant to R.C. 1.51. There are several crimes which could be prosecuted under R.C. 2923.24, which would not be prosecuted under the gambling statutes." *Id.* at 7.

But, see, *State* v. *Hribar* (Mar. 29, 1985), Jefferson C.P. No. 85-CV-9, unreported.

Where the question of a statute's constitutionality is fairly debatable, courts may not substitute their judgment for that of the legislature. *State* v. *Bowman* (1969), 17 Ohio App. 2d 195, 46 O.O. 2d 271, 245 N.E. 2d 380. Further, when constitutional questions are raised, the duty of the court is to liberally construe a statute to save it from infirmities. *State* v. *Sinito* (1975), 43 Ohio St. 2d 98, 72 O.O. 2d 54, 330 N.E. 2d 896. In accordance with the foregoing practice, this court adopts the rationale of *Anderson, supra.*

Therefore, it is this court's opinion that a party has adequate notice under R.C. 2923.24 that if he uses a Castle Video-type machine in connection with proscribed Ohio gambling activity, that he may also be charged under R.C. 2923.24 with possessing a "device, instrument, or article, with purpose to use it criminally." This court is also of the opinion that the foregoing language is sufficient to convey a definite warning of the prohibited conduct when measured against common understanding and practice, and when read in conjunction with the Ohio gambling statutes.

Appellants also argue that the application of R.C. 2923.24 to the activities proscribed under R.C. Chapter 2915 is arbitrary, capricious, and unconstitutional since they claim that the state thus improperly convolutes misdemeanor conduct into a felony penalty.

With respect to this contention of appellants, we are guided by logic and the holding in *State* v. *Miles* (1983), 8 Ohio App. 3d 410, 8 OBR 533, 457 N.E. 2d 944, a case which involved betting slips. The *Miles* court stated in its opinion that the possession of betting slips violated both R.C. 2915.02(A)(5), gambling, and R.C. 2923.24, possession of criminal tools, and it held that the state could validly charge a defendant with possessing criminal tools, the more serious offense of the two:

"Where two statutes proscribe the same criminal conduct, in the absence of proof that the prosecution is based upon an impermissible criterion such as race, religion, or other arbitrary classification, a defendant may be charged and convicted under that statute providing the greater penalty." *Id.* at syllabus.

We conclude that the second and fourth assignments of error are without merit.

In his third assignment of error, appellant Oliver argues that the trial court erred in not granting his motion for a

directed verdict, contending that the state's evidence was insufficient as a matter of law to sustain a conviction for possessing criminal tools.

In order to obtain a conviction for possession of criminal tools, the state must prove possession or control of devices or articles with purpose to use them criminally. *State* v. *Stover* (1982), 8 Ohio App. 3d 179, 181, 8 OBR 239, 241, 456 N.E. 2d 833, 835.

With respect to the element of possession or control, the transcript establishes that Agent Bozeman testified at trial that appellant Oliver was the liquor permit holder of appellant Chaparell Lounge. Further, Agent Hasseman testified that when he asked appellant Oliver who owned the subject machines, appellant Oliver admitted that he was the owner.

With regard to the second element, namely, purpose to use the device or article in a criminal manner, the record demonstrates the state established that appellant possessed the two Castle Video Machines for gambling.

R.C. 2915.02 provides, in pertinent part, that:

"(A) No person shall:

"* * *

"(2) Establish, promote, or operate, or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit;

"* * *"

In *State* v. *Moose Club No. 1234* (1985), 25 Ohio App. 3d 18, 25 OBR 48, 494 N.E. 2d 1389, this court concluded that a Castle Video Machine is *per se* a "game of chance" within the context of R.C. 2915.02(A)(2). As such, the first element in subsection (A)(2), and requisite to appellant's conviction, was established. Thus, the remaining issue is whether or not the subject machines were operated "for profit."

At trial, Agents Bozeman and Hasseman testified that they played the video machines on two occasions, by vir-

tue of placing quarters in them. Agent Bozeman stated that on his first visit to the bar in question, he observed a woman playing one of the machines. Further, Agent Hasseman testified that he did not accumulate any points on the machine, resulting in a loss of $2. Such testimony unequivocally established that the Castle Video Machines were, in fact, being operated for profit.

As demonstrated by the foregoing, the state introduced sufficient evidence to sustain appellant Oliver's conviction for possessing criminal tools, rendering his third assignment of error without merit.

Appellants' final assignment of error advances that the state violated the double jeopardy provisions of the Ohio and United States Constitutions, by virtue of indicting appellants Oliver and Chaparell Lounge for the same offense. However, the record is devoid of any evidence that appellants raised this issue at the trial court level. It is well-established that the failure to raise an issue at the time of trial constitutes a waiver of the alleged error on appeal. *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73, 4 O.O. 3d 195, 362 N.E. 2d 994. Consequently, this court is precluded from addressing appellants' fifth assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK and CHRISTLEY, JJ., concur.