JOURNAL ENTRY AND OPINION
Defendant-appellant, Rocha Stewart, appeals the judgment of the Cuyahoga County Court of Common Pleas, which found him guilty after a bench trial of two counts of felonious assault, each with peace officer specifications, and one count of failure to comply with an order/signal of a peace officer. For the reasons that follow, we affirm.
A review of the record reveals that police officers, Cari Barko and Michael Keane, responded to a call for assistance at the Greyhound Bus Station in Cleveland on February 16, 1999. In particular, a male matching the description of appellant was allegedly impersonating a parking lot attendant and charging individuals to park at a parking lot adjacent to the bus station. Upon arriving at the bus station, the officers identified the vehicle reportedly involved in this scheme and parked approximately three car lengths ahead of the vehicle. As the officers exited the patrol car and approached the vehicle from the street, appellant suddenly took off despite the officers' commands to stop. In so doing, appellant's vehicle brushed Officer Barko, who had to push off the vehicle in order to avoid serious injury. Officer Keane was able to escape being hit by jumping to the sidewalk. Both officers were able to observe appellant as the driver of the vehicle as he drove past them.
The officers immediately returned to their patrol car, activated its siren and overhead lights and gave chase to appellant. Officers Bush and Adams were in the area and observed this course of events and likewise gave chase, with their siren and overhead lights similarly activated.
Appellant did not heed the officers' signals to pull over and, in fact, continued driving through the streets of downtown, stopping briefly at East 13th and Payne to allow a passenger in the car to flee. Officers Nuti and Booth were investigating a report of a burglary in that area when they observed the two patrol cars pursuing appellant shortly before appellant's passenger fled the vehicle. Attempting to assist the officers in apprehending appellant, Officer Nuti testified that he had drawn his weapon when appellant failed to cooperate and completely stop his vehicle. Because he was precariously positioned in front of appellant's vehicle, Officer Nuti jumped out of the way and appellant sped away. Officers Nuti and Booth then joined Officers Barko and Keane in pursuing appellant, all the while having had their patrol cars' sirens and overhead lights activated. Officers Bush and Adams pursued the passenger in appellant's vehicle and eventually apprehended him. Appellant slowed his vehicle yet another time and it appeared to the officers that he was going to stop, but upon Officer Keane's approach of the vehicle, appellant again took off. This same sequence happened yet a third time. Only when the officers blocked appellant's entrance onto the freeway, did appellant come to a complete stop.
Appellant disputes this version of the facts and claims that he never saw the officers at the Greyhound Bus Station and never saw or heard the sirens or overhead lights until he tried to enter the freeway. He testified that he had agreed to drop off his passenger at the Greyhound Bus Station but that, upon reaching the station, his passenger asked to be dropped off at East 13th and Payne Avenue because appellant was unable to successfully park his car at the station. Appellant testified he never saw or heard the officers nor did he feel the impact of Officer Barko pushing off his car. He claims that a taxi minivan was obstructing his view. When questioned by the court, he did not recall any officer drawing a weapon against him and never saw or heard the pursuit of patrol cars. He claims that he only saw the overhead lights upon trying to enter the freeway and then he promptly stopped his vehicle.
Appellant was eventually charged with two counts of felonious assault, each with peace officer specifications, and one count of failure to comply with an order/signal of peace officer. The deadly weapon in each felonious assault count was an automobile. Appellant waived his right to a jury trial and was found guilty on all three counts and sentenced accordingly. Appellant now appeals and assigns four errors for our review.
 I.
In his first assignment of error, appellant claims that there was insufficient evidence to support the felonious assault convictions. In particular, appellant claims that no evidence was presented to support that he knowingly attempted to cause physical harm to Officers Barko and Keane.
An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230, 231.
One who knowingly causes or attempts to cause physical harm to another by means of a deadly weapon or dangerous ordnance is guilty of felonious assault, a first-degree felony if the victim of the offense is a peace officer. R.C. 2903.11(B). Appellant argues that the evidence does not support that he knowingly caused or attempted to cause physical harm to Officers Barko and Keane. In particular, he claims that he was unaware that the officers were approaching and, as such, his vehicle cannot constitute a deadly weapon or dangerous ordnance.
Appellant concedes that an automobile can be a deadly weapon in appropriate circumstances. State v. Grimsley (1982), 3 Ohio App.3d 265; State v. Glover (July 7, 1995), Cuyahoga App. No. 67423, unreported at 5. He argues, however, that the intent of the driver must be considered in determining whether such a conclusion is appropriate. State v. Gimenez (Sept. 4, 1997), Cuyahoga App. No. 71190, unreported at 7. The facts of this case, he maintains, do not support such a conclusion because appellant was unaware that by pulling away from the curb that he would probably cause harm to the officers. To the contrary, he argues that he did not see the officers therefore he could not knowingly operate his vehicle in such a manner to support a conviction for felonious assault.
Appellant's argument, however, is not persuasive or supported by the evidence in this case. The trial court, finding the officers' testimony credible and appellant's not so, determined that appellant pulled away from the curb in an attempt to avoid confronting the officers, who by this time had exited their patrol car and were directly in the path of appellant's oncoming vehicle. Appellant ignored the officers' orders to stop and instead accelerated in their direction causing Officer Barko to hit appellant's vehicle and Officer Keane to jump to the side. Consequently, sufficient credible evidence was presented to support appellant's convictions for felonious assault.
Accordingly, appellant's first assignment of error is not well taken and is overruled.
 II.
In his second assignment of error, appellant contends that the felonious assault convictions were against the manifest weight of the evidence. In particular, appellant claims that the trial court lost its way in considering the evidence before it and in so doing created a manifest injustice in convicting appellant of feloniously assaulting Officers Barko and Keane.
A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins,78 Ohio St.3d at 387. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172, 175.
Here, it cannot be said the trial court lost its way in reaching its decision to convict appellant of felonious assault. Appellant's version of the facts, at the very least, lacks credibility. If, as he testified, appellant merely was to drop off his passenger at the bus station, his sudden flight from there without doing so is consistent with appellant's desire to avoid confronting the approaching police officers. Even if his view was somewhat obstructed, once he was able to maneuver around the obstruction, it is difficult for this court to believe that appellant could not have seen or heard the approaching officers or their signals to stop. Even less credible is that appellant never felt the impact of Officer Barko pushing off his vehicle. To the contrary, drawing reasonable inferences from the evidence presented, appellant's conduct is consistent with a deliberate attempt to avoid being questioned by the approaching officers. In so doing, he knowingly used his automobile in a manner that caused or attempted to cause physical harm to the police officers. Thus, it cannot be said that the trial court lost its way in resolving the conflicting testimony in the manner in which it did and accordingly convicting appellant of felonious assault against Officers Barko and Keane.
Consequently, appellant's second assignment of error is not well taken and is overruled.
 III.
In his third assignment of error, appellant contends that the trial court erred in failing to consider negligent assault or simple assault where warranted by the evidence. In essence, appellant claims that because there existed insufficient evidence to convict appellant for felonious assault, the trial court should have considered the lesser included offenses of negligent or simple assault or even reckless operation of a motor vehicle.
Because we have found that sufficient evidence did exist to support appellant's convictions for felonious assault, it is not necessary for us to consider this assignment of error. See App.R. 12(A)(1)(c).
 IV.
In his fourth assignment of error, appellant claims he was denied the effective assistance of counsel when his trial counsel failed to move for dismissal on the basis of prosecutorial vindictiveness. In particular, appellant claims that the felonious assault charges were only brought as a cover-up of the excessive force used by the police officers on the night in question.
In order to establish a claim of ineffective assistance of counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011.
In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland v. Washington (1984),466 U.S. at 689.
Here, appellant claims that the felonious assault charges were simply a cover-up of the excessive force used by police in apprehending him and thus the charges were a result of vindictive prosecution. Appellant's argument has no basis in law or fact.
A prosecutor has broad authority in determining whether to prosecute. State ex rel. Murr v. Meyer (1987), 34 Ohio St.3d 46. To be sure, a prosecutor is free to bring charges against a defendant under any statute that proscribes the criminal behavior. State v. Miles (1983),8 Ohio App.3d 410, 411; see, also, State v. Bell (1996),112 Ohio App.3d 473, 484. When the decision to prosecute, however, is based on vindictiveness "to punish a person because he has done what the law plainly allows him to do[, it] is a due process violation of the most basic sort[.]" Bordenkircher v. Hayes (1978), 434 U.S. 357, 363. A vindictive purpose will be presumed "in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right * * *." United States v. Goodwin (1982), 457 U.S. 368, 373.
Appellant fails to direct this court, and we cannot independently identify from the record, which constitutionally protected right appellant exercised, if any, from which the state brought the felonious charges in retaliation. Moreover, it is not clear to this court how an indictment for felonious assault could serve as a cover-up to any alleged use of excessive force.
Consequently, there being no evidence to support that the felonious assault charges were brought in retaliation for appellant's exercise of some protected, yet nameless, right, it cannot be said that appellant's trial counsel was ineffective for failing to seek a dismissal on that basis.
Accordingly, appellant's fourth assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. TIMOTHY E. McMONAGLE, J., CONCUR.
 __________________ JOHN T. PATTON JUDGE