JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, John P. Moore ("Moore"), appeals his conviction for complicity to commit rape, the length of his sentence, and his sexual predator classification. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2002, Moore was charged with three counts of complicity to commit rape. The matter proceeded to a bench trial, where the following evidence was presented.
 {¶ 3} In September 2002, Moore, an 18-year-old homeless man, was befriended by the 12year-old victim. When the victim learned that he was homeless, she asked her mother if he could move in with them. Although her mother refused, she allowed him to store his personal belongings and do his laundry at her home. She would occasionally cook for him and provide transportation to job interviews.
 {¶ 4} Moore established a familial relationship with the victim and her mother. On one occasion, he accompanied the mother to the hospital when the victim was ill. He also waited for the victim when she was attending a counseling session after school. The victim's mother testified, "I seen him [Moore] more as like a mentor for my daughter. He would talk with her when she had a problem. She was telling me that she thinks of him as her big brother and he felt the same way."
 {¶ 5} On September 19, 2002, Moore told his friend, 21-year-old Michael Brumley ("Brumley"), that he had a 16 or 17-year-old girl he wanted him to meet. Moore called the victim on his cell phone and told her that Brumley wanted to have sex with her. Brumley and the victim spoke briefly on the phone and she agreed to have sex with him later that day. Moore instructed her to wait for Brumley and to wear a pink robe. Moore urged Brumley to "go for it."
 {¶ 6} Moore directed Brumley to the victim's house. Brumley then went inside and had sexual intercourse with the victim while Moore waited outside. Before leaving the house, Brumley and the victim discussed having sex again the following day. Brumley and Moore left the victim's house together.
 {¶ 7} The trial court found Moore guilty of one count of complicity to commit rape, classified him as a sexual predator, and sentenced him to six years in prison. Moore appeals, raising three assignments of error.
 Sufficiency of the Evidence {¶ 8} In his first assignment of error, Moore claims that there was insufficient evidence to support a conviction for complicity to commit rape. He argues that the evidence supports a conviction for importuning under R.C. 2907.07(D) because Moore merely solicited the victim over the telephone.
 {¶ 9} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v.Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 10} Rape is defined pursuant to R.C. 2907.02(A)(1)(b), and provides, in pertinent part:
{¶ 11} "(A) (1) No person shall engage in sexual conduct withanother who is not the spouse of the offender or who is thespouse of the offender but is living separate and apart from theoffender, when any of the following applies:
 {¶ 12} * * *
 {¶ 13} The other person is less than thirteen years of age,whether or not the offender knows the age of the other person."
 {¶ 14} Ohio's complicity statute, R.C. 2923.03(A), provides:
{¶ 15} "(A) No person, acting with the kind of culpabilityrequired for the commission of an offense, shall do any of thefollowing:
 (1) Solicit or procure another to commit the offense;
 (2) Aid or abet another in committing the offense."
 {¶ 16} In the instant case, it is uncontroverted that Brumley and the victim engaged in sexual intercourse, which due to the victim's age, constituted rape. R.C. 2907.02(A)(1)(b) is a strict liability offense; thus, the mens rea of the offender or the accomplice is irrelevant.
 {¶ 17} The central issue is whether Moore's conduct either solicited or procured Brumley or aided and abetted him in the commission of the rape. The trial court found that Moore solicited or procured Brumley to engage in sexual conduct with the victim. Having reached this conclusion, the issue of whether Moore aided and abetted Brumley was irrelevant since Moore was charged under both subsections (1) and (2) of R.C. 2923.03(A).
 {¶ 18} The term "solicit" is defined as "to seek, to ask, to influence, to invite, to tempt, to lead on, to bring pressure to bear." Ohio Jury Instructions, Section 523.03(6)-(7) (applicable to offenses committed on or after July 1, 1996). Black's Law Dictionary defines "solicit" as "to command, authorize, urge, incite, request or advise another to commit a crime." Black's Law Dictionary, Sixth Ed. 1990.
 {¶ 19} Brumley testified that Moore told him that the victim was interested in meeting him, that she wanted to have sex, and that she was 17. Brumley testified that he did not personally know the victim. After the arrangement was made, Moore told Brumley to "go for it." Moore rode with Brumley to direct him to the victim's house. While Brumley was inside the house, Moore waited for him and the two men left together.
 {¶ 20} The victim testified that she received a telephone call from Moore. He told her that Brumley knew her from somewhere and that he wanted to come over and have sex with her. The victim testified that when Moore and Brumley arrived, Moore wanted to come inside the house with Brumley, but she would not allow it. Both the victim and Brumley admitted that they had sexual intercourse.
 {¶ 21} In Moore's statement to police, he admitted that he knew the victim was only 12 years old and that he asked the victim to have sex with Brumley.
 {¶ 22} The evidence clearly demonstrates that Moore solicited Brumley to rape the victim. He initiated the phone call to the victim, advised Brumley she wanted to have sex with him, encouraged Brumley to "go for it," and accompanied and directed Brumley to the victim's house. Without Moore's involvement or influence, the sexual encounter between Brumley and the victim would not have occurred. Viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence to sustain his conviction for complicity to commit rape.
 {¶ 23} Moore maintains that he should have been convicted of the offense of importuning for merely making a phone call. While the evidence would also support a charge of importuning, the State may properly bring charges against an individual under any statute which proscribes criminal behavior, as long as the choice is not based upon impermissible criteria, such as race, religion, or other arbitrary classification. State v. Miles (1983),8 Ohio App.3d 410, 411, 457 N.E.2d 944. This court previously held:
{¶ 24} "Where two statutes proscribe the same criminalconduct, in the absence of proof that the prosecution is basedupon an impermissible criterion such as race, religion, or otherarbitrary classification, a defendant may be charged andconvicted under the statute providing the greater penalty." Id.
 {¶ 25} The decision whether to prosecute is discretionary.Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385,667 N.E.2d 1197, 1199.
 {¶ 26} Here, Moore does not allege that the choice was based upon any impermissible criteria; thus, the choice to pursue a conviction on complicity to commit rape instead of importuning did not violate his due process rights.
 {¶ 27} Accordingly, Moore's first assignment of error is overruled.
 Sentence {¶ 28} In his second assignment of error, Moore argues that the trial court failed to make its statutorily sanctioned findings at the sentencing hearing when it imposed a nonminimum sentence on a first offender.
 {¶ 29} R.C. 2929.14(B) provides that the trial court must impose the minimum sentence on an offender unless the court finds one or more of the following applies:
{¶ 30} "(1) The offender was serving a prison term at the timeof the offense, or the offender previously had served a prisonterm.
 {¶ 31} (2) The court finds on the record that the shortestprison term will demean the seriousness of the offender's conductor will not adequately protect the public from future crime bythe offender or others."
 {¶ 32} The Ohio Supreme Court has held that, "pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing."State v. Comer, 99 Ohio St.3d 463, 469, 2003-Ohio-4165,793 N.E.2d 473. However, the trial court is not required to give specific reasons for its findings pursuant to R.C. 2929.14(B)(2). Id., citing State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
 {¶ 33} An offender convicted of a first degree felony may be sentenced to a prison term of three to ten years. R.C.2929.14(A)(1). In sentencing Moore to six years, the court found that the minimum sentence would demean the seriousness of the offender's conduct and that it would not adequately protect the public. While there is no requirement to give specific reasons for its findings, the trial court stated that, because Moore had previously been involved in sexual activity with another minor as a juvenile, he deserved more than the minimum sentence. Furthermore, in comparing the conduct of Moore and of Brumley, the court stated:
{¶ 34} "I find them quite equal. This Defendant [Moore] wasinvolved in a betrayal of a rather substantial trust, not only ofa little girl, but a trust of a mother.
 {¶ 35} The other Defendant [Brumley] certainly was notinvolved in such a life, for a man [Moore] who now says that heviewed this little girl as a sister, and maybe even morepoignant, a little girl who viewed him as a brother, wouldprotect her.
 {¶ 36} This is perhaps more outrageous, I believe, of pimpingone's little sister, to be one of the lower forms of the crime.
 {¶ 37} It is not the worst offense, but there is nothing aboutthe situation that would — with this Defendant [Moore], thatdiffers from his co-defendant [Brumley].
 {¶ 38} And I see no reason to impose different sentences."
 {¶ 39} Moore argues that the critical fact which differentiates him from Brumley, thus justifying different sentences, is the fact that Moore was "not the one who actually had sex with the 12 year old." We do not find this argument compelling. But for Moore's involvement, encouragement, and arrangement, the incident between Brumley and the victim would not have occurred.
 {¶ 40} Reviewing the findings and rationale given, the court made the requisite findings under R.C. 2929.14(B).[1]
 {¶ 41} Accordingly, Moore's second assignment of error is overruled.
 Sexual Predator Classification {¶ 42} In his third assignment of error, Moore argues that his sexual predator classification was not supported by clear and convincing evidence.
 {¶ 43} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C.2950.09(B)(3).
 {¶ 44} In State v. Eppinger, the Ohio Supreme Court defined the clear and convincing evidence standard as follows:
{¶ 45} "Clear and convincing evidence is that measure ordegree of proof which will produce in the mind of the trier offacts a firm belief or conviction as to the allegations sought tobe established. It is intermediate, being more than a merepreponderance, but not to the extent of such certainty as isrequired beyond a reasonable doubt as in criminal cases. It doesnot mean clear and unequivocal."
 {¶ 46} State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, 743 N.E.2d 881, citing Cross v. Ledford (1954),161 Ohio St. 469, 477, 120 N.E.2d 118.
 {¶ 47} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 48} Pursuant to R.C. 2950.09(B)(2), in determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender completed any sentence imposed for any conviction, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 49} R.C. 2950.09(B)(2) does not require that each factor be met. It simply requires the trial court consider those factors that are relevant. State v. Grimes (2001), 143 Ohio App.3d 86,89, 757 N.E.2d 413.
 {¶ 50} Further, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge."Schiebel, supra, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 10 Ohio B. 408, 461 N.E.2d 1273.
 {¶ 51} Here, the trial court reviewed all the evidence and made findings under the relevant factors listed in R.C.2950.09(B)(2). First, the court noted that Moore was convicted of complicity to commit rape of a 12-year-old girl. Moore arranged for his 21-year-old friend to have sex with the victim. The court noted that while Moore was not the perpetrator or actor, his relationship to the victim facilitated the commission of the offense because the victim and her mother trusted him and the victim viewed him as a brother. In addition, Moore viewed the victim as a sister.
 {¶ 52} The court also noted that Moore had a prior juvenile criminal record, which consisted of a sexually oriented offense. The Sexual Predator Evaluation indicated that, at age 13, Moore was charged with felony sexual assault of a 7-year-old girl. He was committed to a juvenile facility and registered as a sex offender.
 {¶ 53} Reviewing the results of the Static-99, Moore obtained a score of 4, which places him in the medium-high risk category of sexual recidivism. The results showed that Moore had a 26% chance of reoffending in 5 years, 31% in 10 years, and 36% in 15 years. Moore possessed four out of the ten Hanson and Bussiere factors, including his young age, thus a higher risk to reoffend, had never married, the victim in the current offense was unrelated, and he had a prior sexual offense.
 {¶ 54} The court also reviewed the results of the Abel Assessment for Sexual Interest and found that Moore was not interested in children but had significant sexual interest in adolescent and adult females, which was considered "normal."
 {¶ 55} Based on the evidence, we conclude that Moore's classification is based on sufficient evidence. Accordingly, his final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. concurs;
 Sweeney, J. concurs in part and dissents in part (see separateopinion)
[1] We find that the recent United States Supreme Court decision in Blakely v. Washington (2004), 124 S.Ct. 2531, is not applicable to this case because the trial court did not consider any additional facts not presented during the bench trial, except for Moore's juvenile record, to which the parties stipulated as part of the sexual predator classification hearing. Furthermore, Moore has not raised Blakely as an issue in his brief or during argument.
 CONCURRING AND DISSENTING OPINION